MORTON CULVER et al.

*v.*

IRVIN B. COUGLE et al.

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. TRIAL—*stipulation of facts reduced to writing will be enforced.* A stipulation entered into in open court by the attorneys in a case with reference to certain facts, will, at least when reduced to writing or acted upon, be enforced.

2. APPEALS AND ERRORS—*party cannot assign improper default of his co-defendant as error.* That certain defendants were improperly defaulted at trial because of the insufficiency of the affidavit authorizing publication of notice cannot be assigned as error by another defendant, where the parties defaulted are not complaining.

3. AMENDMENTS—*motion to amend in matter of substance comes too late after term.* After the expiration of the term at which a decree was rendered, unless the cause is still depending and the parties are before the court, the power of the court to amend its record is confined to errors and mistakes of its officers.

4. SAME—*there must be some minute in the record by which to amend.* After term has expired at which judgment was entered a court cannot amend a former order unless there is some minute or memorial paper in the record or on the docket to show what the order to be amended in fact was.

*Culver* v. *Cougle,* 62 Ill. App. 583, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

MORTON CULVER, for plaintiffs in error.

PARTRIDGE & PARTRIDGE, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by Irvin B. Cougle and others, plaintiffs below, against Nelson Culver and others, to foreclose a deed of trust executed by Nelson Culver to Newton A. Partridge, conveying the east half of the north-east quarter of the north-west quarter of

section 13, township 41, range 13, in Cook county, to secure the payment of fourteen promissory notes, of $1000 each, which were dated May 1, 1891, given by Nelson Culver, payable to the order of Cougle Bros. The deed of trust provided for the payment of an attorney's fee of $100, and the repayment of all money advanced for insurance, taxes and other liens or assessments, with interest thereon. The property described in the deed of trust was subdivided into four blocks, with fifty lots in block 1, twenty-five lots in block 2, twenty-six lots in block 3, and fifty-two lots in block 4. The deed of trust provided that ten lots to be selected by the mortgagor should be released upon the payment of any note. When the bill was filed, on January 6, 1894, four notes had been paid and forty lots released from the deed of trust. The cause having been referred to the master in chancery to take testimony and report conclusions, he found that the amount due on the ten notes remaining unpaid was $11,916.71; that the amount due for taxes paid by the complainant, and interest thereon, was $2016.58; that there was $34.80 due for expenses for advertising and serving notices under the tax sale and $100 for solicitor's fee, making in all $14,068.09. Upon the evidence the court entered a decree requiring the amount to be paid within a short day named therein, and in default of payment the premises be sold in satisfaction of the amount due. Upon the rendition of the decree the defendant Morton T. Culver, as appears from the record, excepted to the decree and prayed an appeal to the Appellate Court, which was allowed upon the defendant filing an appeal bond in the penal sum of $250, with surety to be approved by the court, within thirty days and a certificate of evidence within sixty days. The decree of the Superior Court was affirmed in the Appellate Court, and this writ of error was sued out to reverse that judgment.

The plaintiffs in error rely upon eight grounds to reverse the judgment of the Appellate Court, the first,

second and third of which are as follows: "First, the amount of the decree is excessive, being made up of the amounts of the unpaid notes and taxes purporting to have been paid after the filing of the bill of foreclosure, and for expenses that are unauthorized under the trust deed and under the law; second, the amount allowed for taxes is excessive, including, as it does, penalties and taxes subsequent to the filing of the bill; third, the master allowed eight per cent interest on all moneys advanced for taxes."

As to the notes secured by the deed of trust, they amounted to the sum of $11,916.71, principal and interest, at the date of the decree, and no greater amount was found to be due by the master.

In regard to the taxes and the interest on the taxes, the parties stipulated before the master in chancery the several amounts advanced, and the master reduced the stipulation to writing and incorporated it in his report. In the stipulation it was expressly agreed that complainants were entitled to interest on each of the amounts advanced for taxes, from the date of payment, at eight per cent, as provided in the deed of trust. Where attorneys in a case deliberately enter into a stipulation in open court in reference to certain facts, the stipulation, at least when reduced to writing or when acted upon, will be enforced. (Thompson on Trials, sec. 361.) Here the stipulation was entered into before the master in chancery, who reduced it to writing and reported the stipulation as a part of the facts in the case, and we think the parties should be bound by the agreement.

It will be observed that the deed of trust providing for interest at eight per cent on taxes advanced, bears date May 1, 1891. At that time the law authorized parties to contract for that rate of interest. Under the deed of trust and stipulation the amount allowed was not excessive.

The fourth point relied upon is, that the court erred in allowing certain defendants to the bill to be defaulted

who were brought in by publication of notice, for the reason that no sufficient affidavit was filed to authorize service by publication. The appearance of Nelson Culver, the mortgagor, and Morton Culver, plaintiff in error, was entered, and it is nowhere claimed that they were not properly in court. The defendants to the bill who were defaulted are making no complaint in regard to the sufficiency of the default entered against them. The error, if one was committed, related to them, and to them alone. It did plaintiffs in error no harm, and they have no just ground of complaint.

The fifth ground relied upon is as follows: "Fifth, the answer of Nelson Culver discloses the fact that he had, prior to the filing of this bill, conveyed one lot to Nellie Culver and five other lots to one Joseph Lebknechner, yet complainants refuse to make these parties defendants, and ignore their rights." Nelson Culver's answer was not sworn to, and, aside from the answer, there is nothing in the evidence or pleadings tending to show that the parties named had any interest whatever in the litigation. In the absence of anything appearing in the record except the answer, which was not verified, we do not think that it was error to proceed to a final decree without making the persons named defendants to the bill.

But it is said, by ignoring the rights of Nellie Culver and Joseph Lebknechner the inverse order of alienation is wrongly stated, to the injury of Nelson Culver and other defendants. Upon an examination of the record, however, it will be found that the order of alienation was agreed to by the solicitors of the parties and incorporated in the report of the master in chancery, and having agreed to the order they cannot now complain. Moreover, upon an examination of the record it will be found, as we understand the record, that the lots are required to be sold in the inverse order of alienation. The rule established by this court in such cases has been strictly observed.

The decree in this cause was rendered and filed in the Superior Court of Cook county on the 16th day of July, 1895, and, as appears from the record, upon the filing of the decree the defendant Morton T. Culver excepted and prayed an appeal to the Appellate Court, which the court allowed upon the said defendant filing an appeal bond in the penal sum of $250, with surety to be approved by the court, in thirty days and certificate of evidence within sixty days. On the 21st of January, 1896, several terms after the final decree had been rendered and the order for an appeal on behalf of Morton T. Culver had been entered, Morton T. Culver and six other defendants in the bill entered a motion in the Superior Court to amend the judgment allowing the appeal, in such manner that the judgment would show that the six defendants prayed for an appeal and the court allowed the appeal upon the six defendants filing bond. This motion the Superior Court denied, and this is relied upon as error. We are of opinion that the court decided the application right, for two reasons: First, it does not appear that the docket of the court or any minutes entered by the court or clerk show that the six defendants prayed for or the court allowed them an appeal, and in the absence of evidence of that character there was nothing to amend by; and second, the motion to amend after the term of court had closed, in a matter of substance, came too late.

*Coughran* v. *Gutcheus*, 18 Ill. 390, is an early case on the question. It is there said (p. 391): "After the expiration of the term, unless the cause is still depending and the parties are in court, their power over the record is confined to errors and mistakes of their officers. * * * Ordinarily these errors and mistakes are apparent from the minutes of the judge, other entries of the same record, or the pleadings and files in the cause. * * * But where there is nothing to amend by, and the court is compelled to learn from the memory of witnesses what its judgment in fact was, it may well be doubted whether,

upon motion and *ex parte* proof, however strong and con-tradicting the record, an amendment can be made con-forming the record of the judgment to such proof."

In *Gebbie* v. *Mooney*, 121 Ill. 255, it is said (p. 258): "The court cannot make an original order in a case at the term subsequent to that at which final judgment is rendered, but it may at a subsequent term cause the clerk to enter upon the records of the court an order made at a previous term at which judgment was rendered, provided only there shall be some minute or memorial paper from which it can be determined what such order, made at the previous term, was." See, also, the following cases: *Cook* v. *Wood,* 24 Ill. 295; *Goucher* v. *Patterson,* 94 id. 525; *Frew* v. *Danforth,* 126 id. 242; *People* v. *Anthony,* 129 id. 218; *Ayer* v. *City of Chicago,* 149 id. 262.

We find no substantial error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*