JAMES O'LAUGHLIN *et al.*

*v.*

MARION F. COVELL.

*Opinion filed June 14, 1906.*

1. APPEALS AND ERRORS—*when party cannot complain that service by publication was insufficient.* A defendant to an application for registration of title cannot complain that the decree was entered without sufficient service by publication as to certain of the persons made defendants, where the latter were defaulted and do not complain of the decree.

2. SAME—*when alleged incompetency of a witness is waived.* Defendants to an application for registration of title, who, without objection, permit the applicant to testify before the examiner of titles generally in support of his application, waive the right to insist that he was not a competent witness to testify as to facts or matters occurring before they attained their majority, where they made no attempt to limit his testimony and the question was not raised by objection and exception to the examiner's report.

3. REGISTRATION OF TITLE—*what does not defeat right to registration.* Failure to make the husband and heirs of a deceased sister of the applicant parties to an application to register title does not defeat the right to registration, where the interest of the deceased sister was barred before her death by the twenty year Statute of Limitations.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is a writ of error sued out of this court to review a decree of the circuit court of Cook county, entered in a proceeding under the Land Registration act, declaring the fee simple title to the north-east quarter of section 17, township 39, north, range 12, east of the third principal meridian, Cook county, Illinois, to be in Marion F. Covell, the defendant in error, and directing that his title to said premises be registered under the terms of said act.

It appears from the record that Thomas R. Covell, the father of the defendant in error, at the time of his death, in the year 1847, was in possession of said premises claiming

to be the owner thereof; that he left him surviving Elizabeth Covell, his widow, and Mary J. Eastman, Marion F. Covell, (the defendant in error,) Marias C. Covell, Maria S. Ingersoll, Melissa Buckley, Marcellus Covell and Minerva C. Payne, his children and only heirs. Marcellus died without having married, in 1863, and the widow in 1866. The defendant in error took possession of said premises in 1852, at which time one hundred acres thereof was prairie and sixty acres was covered by timber, and has remained in possession thereof until February 2, 1903, the date upon which the application for registration of the title thereof was filed by him. On March 14, 1865, the defendant in error obtained a quit-claim deed from Mary J. Eastman, her husband joining therein, for her interest in said premises; on August 10, 1868, a quit-claim deed from Minerva C. Payne, her husband joining therein, for her interest in said premises; on February 20, 1892, a quit-claim deed from Melissa Buckley, her husband joining therein, for her interest in said premises; on May 24, 1897, a quit-claim deed from Marias C. Covell, his wife joining therein, for his interest in said premises; and on September 30, 1903, a quit-claim deed from Maria S. Ingersoll, her husband joining therein, for her interest in said premises.

Thomas R. Covell, on January 31, 1846, conveyed to Samuel H. Giles forty acres in the east half of said premises, described as follows: Commencing at the south-east corner of said north-east quarter, running west sixty rods, north eighty rods, east forty rods, north eighty rods, east twenty rods, south one hundred and sixty rods to the place of beginning. Samuel H. Giles died in 1846 or 1847, leaving his widow, Harriet, and Phœbe Killham, Perry Giles, Winfield S. Giles, Miriam Giles, Anson Giles and Emeline Green, his children and only heirs. Miriam died childless after her father's death, and the widow, Harriet, subsequently married James Smith, by whom she had two children, George E. Smith and Lona Boeger.

In the application Maria S. Ingersoll and Minerva C. Payne, and their husbands, were named as having an interest in said premises, and quit-claim deeds from them to the defendant in error, heretofore referred to, were introduced in evidence, and although they were notified, neither appeared nor made any defense to the registration of said title. Phœbe Killham, Perry Giles, Winfield S. Giles, Anson Giles and Emeline Green were all duly notified of the application and each appeared and filed an answer, and they are the only persons assigning error upon this record. James O'Laughlin, Andrew C. O'Laughlin, August Havemann and Daniel F. Ring, who were in possession of portions of the premises as tenants of the defendant in error, were named in the application, and they and the wife of the defendant in error appeared and consented that the defendant in error's title might be registered. It was also stated in the application that the heirs of Lyman B. Bennett and Ephraim Collar, whose names and addresses were unknown, also Andrew J. Brown, trustee, and Job D. Hoes, whose addresses were unknown to the applicant, had or claimed to have some interest in the premises, and they were notified of the pendency of the proceeding by publication, under the designation "To all whom it may concern," and not appearing, they were each called and defaulted. The case was refered to an examiner of titles, who, after hearing proofs, oral and documentary, reported to the court that the applicant was the owner in fee simple of said premises, and recommended that his title thereto be registered, which report was approved by the court and a decree entered in accordance with the terms thereof.

WILLIAM C. WILSON, and J. KENT GREENE, for plaintiffs in error.

F. J. GRIFFEN, and ENOCH J. PRICE, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the circuit court was without jurisdiction to hear and determine the application on the ground that the service by publication upon Maria S. Ingersoll, Minerva C. Payne, and their husbands, and the unknown heirs of Lyman B. Bennett, and Ephraim Collar and Andrew J. Brown, trustee, and Job D. Hoes, was not in compliance with the statute. The record shows that Maria S. Ingersoll and Minerva C. Payne and their husbands had released to the defendant in error all their interest in the premises prior to the entry of the decree, and that they had no interest in the premises and were not necessary parties to the proceeding at the time the decree was entered. The fact, therefore, that they were not properly served with process ought not to work a reversal of the case; and the record further fails to show that Lyman B. Bennett and Ephraim Collar, or their heirs, if any, and Andrew J. Brown, trustee, and Job D. Hoes, have, or ever had, any interest in said premises, and that they, at most, were nominal defendants, and the application as to them might well have been dismissed without impairing the right of the defendant in error to have his title registered. *Conwell* v. *Watkins,* 71 Ill. 488.

If, however, it were conceded said parties were necessary parties to the proceeding and that the service upon them was insufficient, we are of the opinion the plaintiffs in error can not raise that question at this time as a ground of reversal in this court. While this proceeding is a statutory one, it is governed by the method of procedure adopted in chancery cases, so far as the rules of chancery practice are applicable thereto, (*Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30,) and as the parties defaulted are not here complaining of the decree entered against them, the plaintiffs in error cannot complain of the entry of such decree on their behalf. In *Culver* v. *Cougle,* 165 Ill. 417, on page 419, the court said: "The fourth point relied upon is, that the court erred in allowing certain defendants to the bill to be defaulted who

were brought in by publication of notice, for the reason that no sufficient affidavit was filed to authorize service by publication. The appearance of Nelson Culver, the mortgagor, and Morton Culver, plaintiff in error, was entered, and it is nowhere claimed that they were not properly in court. The defendants to the bill who were defaulted are making no complaint in regard to the sufficiency of the default entered against them. The error, if one was committed, related to them, and to them alone. It did plaintiffs in error no harm, and they have no just ground of complaint."

It is next objected that the examiner of titles erred in permitting applicant to testify, generally, as a witness in his own behalf, as it is said he was an incompetent witness, as against the plaintiffs in error, as to facts which occurred during the lifetime of Samuel H. Giles, their father, and during their minority. There was no objection made to the competency of the applicant as a witness at the time he testified before the examiner of titles, nor was there at that time any distinction made as to the competency of his testimony as to facts occurring prior or subsequent to the death of Samuel H. Giles or during the minority of the plaintiffs in error, but he was permitted, without objection on the part of the plaintiffs in error, to testify generally with reference to all facts within his knowledge, material to a determination of the matter then on hearing before the examiner of titles. The applicant was clearly a competent witness as to all facts within his knowledge subsequent to the time when the plaintiffs in error attained their majority, and if they desired to limit his testimony they should have done so by calling the attention of the examiner of titles to the fact that he was incompetent to testify to any fact which had occurred prior to their attaining their majority,—at least they should have raised such objection by proper objection to the examiner's report before the examiner of titles and by exceptions before the chancellor. This they failed to do, and we think thereby waived their right to now insist upon such objection. In *Glos* v. *Hoban*,

212 Ill. 222, on page 223, it was said: "The complaint that the examiner of titles received in evidence certain abstracts of title without the requisite proof that the original deeds purporting to be shown by the abstract had been lost and the records thereof had been destroyed by fire, or that it was not in the power of the defendant in error to produce the original deeds, or that the abstracts of title had been made in the ordinary course of business, etc., as required by sections 23 and 24 of chapter 116, (3 Starr & Cur. Stat. 1896, p. 3360,) cannot be investigated in this court for the reason this ground of complaint was not specifically made in the objections filed to the report of the examiner of titles, and in the exceptions to such report filed in the circuit court. The same rules apply with reference to the mode of preserving for review the rulings as to objections and exceptions presented to the report of the examiner as are applicable to the review of objections and exceptions to the reports of masters in chancery.—*Gage* v. *Consumers' Elec. Light Co.* 194 Ill. 30."

It is further contended that the husband and heirs of Mary J. Eastman were not made parties to the application, and for that reason, it is said, it does not appear that the defendant in error has title to said premises as against the husband and heirs of Mary J. Eastman, deceased, and for that reason it is urged the defendant in error is not entitled to have his title registered. (*Glos* v. *Kingman & Co.* 207 Ill. 26.) Mary J. Eastman and husband in 1865 quit-claimed their interest in the premises to defendant in error. Prior to that time Marcellus Covell had died, and his mother, Elizabeth Covell, who was then living, inherited two shares of his interest in said premises. Elizabeth Covell died in 1866, which was subsequent to the date of the quit-claim deed from Mary J. Eastman to the applicant, and upon the death of Elizabeth Covell said Mary J. Eastman inherited a part of the premises from her mother which her mother had inherited from Marcellus, and upon the death of Mary J. Eastman, which occurred some three or four years prior to the

filing of the application, the interest which she inherited from her mother, unless barred by the Statute of Limitations, descended to her heirs, subject to the rights of her husband therein. The applicant claimed title in fee to said premises by virtue of descent from his father, Thomas C. Covell, and his brother Marcellus, and by virtue of deeds from his brother and sisters. He also claimed title by virtue of the twenty years' Statute of Limitations. The evidence is undisputed that he had been in possession of the premises upwards of fifty years at the time he filed his application for registration, and that he procured a quit-claim deed from Mary J. Eastman and husband for her interest in said premises in 1865. Whatever interest Mary J. Eastman derived in said premises by inheritance through her mother, vested in her in 1866. The applicant, subsequent to the vesting of such interest, remained in possession of said premises for more than thirty years prior to her death, during which time he farmed and pastured the land and paid the taxes thereon, claiming to be the absolute owner thereof. Clearly, at the time of the death of Mary J. Eastman her interest was barred in said premises, and at the time the applicant filed his application for registration the husband and heirs of Mary J. Eastman were barred by the twenty years' Statute of Limitations, which had run during the lifetime of Mary J. Eastman, from asserting any claim to the land as against the defendant in error. The only persons making any claim to the land the title of which is sought to be registered, hostile to the defendant in error, are Phœbe Killham, Perry Giles, Winfield S. Giles, Anson Giles, Emeline Green, George E. Smith and Lona Boeger. Their claim is based upon a deed to Samuel H. Giles made by Thomas R. Covell January 31, 1846. None of said parties have ever been in possession of the premises in question or any part thereof, while the applicant and his ancestors and grantees have been in the open, exclusive and notorious possession of said premises, claiming to own the same, since 1847. This long possession

clearly had, at the time the decree was entered, ripened into an absolute title in fee simple in the defendant in error, as none of the adverse claimants appear to have labored under any disability for a period of more than thirty years prior to the date of the filing of the application.

We think the court properly decreed that the applicant was the owner of said premises in fee simple and entitled to have the title thereto registered in him under the terms of said Registration act.

The decree of the circuit court will be affirmed.

*Decree affirmed.*