**George D. Brooks et al., Appellees, v. A. J. Ostrander, Executor, Appellant.**

**Gen. No. 5370.**

1. TRIAL—*effect given to stipulation as to evidence.* Stipulations entered into in open court with reference to certain facts in the case when acted upon will be enforced.

2. CONTRACTS—*when express agreement to pay for care and nursing established.* Held, under the evidence, that the claimant, who was a member of the family of the deceased, rendered the

services of care and nursing for which compensation was sought, under an express agreement that the same should be paid for.

Contested claim in court of probate. Appeal from the County Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

F. L. BROOKS and J. C. STEVENS, for appellant.

HARDY, WELSH & HARDY, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

George D. Brooks filed a claim for $360 and Emma Brooks filed a claim for $280 against the estate of Austin Brooks, deceased, for services in caring for the deceased during the last months of his life. The claims were allowed in the Probate Court and an appeal was taken to the Circuit Court by the executor where the claims were by agreement tried together before a jury. The claims were allowed in full in the Circuit Court and the executor appeals to this court.

On the trial in the Circuit Court, after the claimants had introduced several witnesses to show that the services were rendered and that the charges therefor were the reasonable value of such services, the attorneys for the estate admitted that the services were rendered and that the amounts claimed were reasonable charges for the services rendered, and stated that the sole defense was that the claimants were members of the family of the deceased and therefore not entitled to compensation. The appellant objected to appellees encumbering the record by the introduction of further testimony concerning the nature and value of the services, as all the claimants might prove in that regard was admitted. Thereupon no further testimony was offered on that branch of the case.

Counsel for appellant now argue that "without any intention of here in this court in any manner repudiat-

ing said stipulation, yet at the same time we insist that the court below trying this case as it did on appeal * * * should not have allowed said sums even though admitted, if the value and merits of the claims were not substantiated." In the trial court appellant did not seek to withdraw or modify the stipulation made on behalf of the estate and accepted by appellees. A stipulation entered into in open court with reference to certain facts in a case will when acted upon be enforced. Culver v. Cougle, 165 Ill. 417; Wilson v. Spring, 64 Ill. 14. It would be very unjust to permit appellant to withdraw in this court the stipulation deliberately made in the trial court. Concessions of facts not intended to be controverted should be encouraged and when made should be upheld.

It is contended that the services were rendered by claimants as members of the family of the deceased. The evidence shows that Austin Brooks was an old man suffering from heart disease and other difficulties. His condition was so serious that he needed some one to care for him. Dr. Cowan, the attending physician, testified that from early in July, 1907, until he died in January, 1908, he needed an attendant or nurse; that he could not sleep except when under the influence of drugs; that he was given salts to produce watery stools to relieve the swelling in his legs and body; that his discharges were not controlled, so that it was very disagreeable work to take care of him. His wife died in June, 1907. He had a son who lived in Chicago and a daughter living in New York. Austin Brooks wrote to his brother, George D. Brooks, who resided in New York, asking him to come and take care of him. George and his wife Emma, with a little grandchild, at the request of his brother, came and took care of the deceased from July until his death, with the exception of a month when George had to return to New York to attend to some business matters.

If services are rendered by one member of a family to another the mere fact of rendering service will not

raise an implied contract to pay for such services. There must be other evidence from which a contract may be inferred. George Brooks was not a member of the family of Austin Brooks; one lived in New York the other in Galesburg, Illinois. It was proved by two witnesses that claimants came from New York at the request of Austin Brooks for the purpose of taking care of him. An express contract may be proven by facts and circumstances which show that both parties at the time the services were rendered contemplated or intended pecuniary compensation other than such as naturally arises out of the family relation. Miller v. Miller, 16 Ill. 295; Heffron v. Brown, 155 Ill. 322; Neish v. Gannon, 198 Ill. 219. The jury could not rightfully have found otherwise than that there was a contract under which the services were rendered by appellee to Austin Brooks, in his lifetime.

It is also insisted that the court erred in giving instructions for appellees. Appellant contends that it was "immaterial where appellees lived prior to the time they came to the house of Austin Brooks or for what purpose they came." We cannot agree with such contention. Inasmuch as appellees were not competent. witnesses to testify in the cause, it was competent to prove all the attending facts. We find no reversible error in the giving or refusing of instructions.

Under the evidence no other verdict could have been sustained. The judgment is affirmed.

*Affirmed.*