WILLIAM GIBSON, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 4, 1916.*

1. REGISTRATION OF TITLE—*several tracts having substantially the same chain of title may be registered.* Since the amendment, in 1913, of section 12 of the act concerning land titles, it is not necessary, when including several tracts of land in one application, that they have an identical chain of title, but it is sufficient if they have substantially the same chain of title.

2. SAME—*when question whether several tracts have substantially the same chain of title cannot be considered.* On appeal in a land title registration proceeding the question whether the several tracts included in the same application have substantially the same chain of title cannot be considered, where the transcript of the record does not purport to contain all the transfers disclosed by the abstracts of title but only enough to show that the chain of title was not identical as to each tract.

3. SAME—*when defendants cannot question sufficiency of notice.* Defendants to an application to register title who are served with process and appear and answer the application cannot complain of the decree upon the ground there has not been compliance with the provisions of section 20 of the statute, which provides for publication of notice to persons having or claiming an

interest in the premises who are non-residents or whose places of residence are unknown.

4. SAME—*when point relied upon for reversal will not be considered.* On appeal from a decree registering title, the point that the preliminary proof was not sufficient to entitle the abstracts of title to admission in evidence will not be considered, where the appellants do not point out in what respect the proof was insufficient nor make any reference thereto in the argument.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

EDWARD J. PHILLIPS, and C. VANALEN SMITH, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

William Gibson, the appellee, made application to the circuit court of Cook county to have registered in him the fee simple title to lots 11 and 12 in block 11, lots 22, 23 and 24 in block 3, and lots 43 to 48, both inclusive, in block 7, all in Rose Park, in Cook county. The application, among other things, stated that the other persons claiming interests in said land were Jacob Glos, Emma J. Glos and August A. Timke, trustee; that the claims of Jacob Glos and Emma J. Glos are based on tax deeds which are invalid and void, and that the claim of August A. Timke, trustee, is made by virtue of a trust deed from Jacob Glos to him and is based only on the said void tax deeds. Jacob Glos, Emma J. Glos and Timke, trustee, appeared and answered the application, alleging, among other things, that the application was not sufficient (1) because it does not appear that the premises described in said application are contiguous; and (2) because it does not appear that the premises described in the application are derived through the same chain of title. The cause was referred to one of the ex-

271 — 24

aminers of titles, who, after hearing the evidence adduced by the respective parties, found and reported to the court, among other things, that the applicant, Gibson, was the owner in fee simple of the real estate described in the application; that the tax deeds under which Jacob Glos claims title to the premises, and the deeds from Jacob Glos under which Emma J. Glos and August A. Timke, trustee, claim title to the premises, are all null and void and should be canceled and set aside as clouds upon the title of the applicant, provided that Jacob Glos be reimbursed for the amounts paid upon sales to him of the premises for taxes, which amounts are set forth in the report, together with interest on the several amounts at the rate of five per cent per annum from the dates of payment, respectively, and upon the further payment to Glos of his costs in this case. Jacob Glos, Emma J. Glos and August A. Timke, trustee, all filed objections to the examiner's report, among such objections being the following: "It does not appear by any competent evidence that the premises described in said application are contiguous." "It does not appear by any competent evidence that the premises described in said application are derived through and from the same chain of title." All objections to his report were overruled by the examiner, and upon the filing of the report in court it was ordered that the objections stand as exceptions to the report. The decree entered by the court overruled the exceptions, approved the examiner's report, found that the applicant had deposited with the clerk of the court the amounts necessary to reimburse Jacob Glos, and thereupon ordered that the deeds under which Jacob Glos, Emma J. Glos and August A. Timke, trustee, claimed title be set aside in so far as they affected the title of the applicant, and that the fee simple title to the premises be confirmed in William Gibson and registered in the manner provided by the act concerning land titles. From that decree Jacob Glos, Emma J. Glos and August A. Timke, trustee, have prosecuted this appeal.

Appellants, in the statement preceding their brief, assign as grounds for reversal the following: (1) The property described in the decree is not contiguous; (2) the property in the decree is not derived through the same chain of title; (3) the provisions of section 20 of the act concerning land titles as to publication of notice were not complied with; and (4) the abstracts were not made competent in accordance with section 18 of the Torrens law. Appellee contends that none of these grounds are included within the assignment of errors. We are of the opinion, however, that all of the grounds urged for reversal are fairly included in the assignment of errors.

Section 12 of the act entitled "An act concerning land titles," as amended in 1913, is as follows: "Any number of contiguous pieces of land in the same county, and owned by the same person and in the same right, or any number of pieces of property in the same county having substantially the same chain of title, and belonging to the same person, may be included in one application." (Laws of 1913, p. 188.) It is conceded by appellee that the various tracts of land described in the application are not contiguous, but he contends that they have substantially the same chain of title and are therefore properly included in one application. Although the application in this case was filed in the circuit court after section 12, *supra,* as amended, became effective, appellants in their answers to the application and in their objections to the examiner's report disregarded the word "substantially," which is found in said section 12 as amended, and objected to the application and to the examiner's report on the ground that the various pieces of property included in the application did not have the same chain of title, and insist in this court that the decree should be reversed because it appears from the evidence that the property described in the decree is not derived through the same chain of title.

Prior to its amendment in 1913, section 12 of the act above mentioned read as follows: "Any number of contiguous pieces of land in the same county, and owned by the same person and in the same right, or any number of pieces of property in the same county having the same chain of title, and belonging to the same person, may be included in one application." In *Culver* v. *Waters,* 248 Ill. 163, we held that the words, "same chain of title," as used in that section, meant identical chain of title, and that a chain of title substantially the same did not meet the requirement of the statute. Thereafter, in 1913, said section 12 was amended as above shown, the change in the section consisting merely in the addition of the word "substantially" before the words "the same chain of title." Appellants contend that the legal effect of the section as amended is the same as before the amendment. While the expression "substantially the same chain of title," when critically analyzed, may, as contended by appellants, contain a contradiction of terms, yet it is evident that by the amendment the legislature intended to relax the strict requirement of the former statute as construed by this court, that two or more separate tracts of land could not be included in one application unless the chain of title as to each was identical, and to authorize an applicant to include in one application two or more separate tracts where the chain of title is substantially the same, but not necessarily identical, as to each tract. In the sense used in said section 12 as amended, the word "substantially" means "in the main." While the chain of title as to each separate tract of land included in the application is not required to be identical it must be in the main the same chain of title.

Three separate pieces of property were included in the application in this case. Abstracts were offered in evidence by appellee to prove his title to each piece by *mesne* conveyances from the government. The transcript of the record filed in this court does not purport to show all of the

transfers disclosed by these abstracts, nor does it appear what proportion of such transfers, as shown by the abstracts, has been omitted from the transcript of the record. Apparently it was the purpose of appellants to have included in the transcript of the record only a sufficient number of the transfers disclosed by the abstracts as would show that the chains of title were not identical. Under this condition of the record it is not possible for us to pass upon the question whether the pieces of land included in the application have substantially the same chain of title.

Appellants are not in a position to raise the objection that the provisions of section 20 of the act concerning land titles, regarding the publication of notice, were not complied with. The purpose of publishing the notice in accordance with the provisions of said section 20 is to confer upon the court jurisdiction of the persons of those having or claiming an interest in the premises who are non-residents or whose places of residence are unknown. Appellants were served with process of summons and appeared and answered the application. No question is raised as to the sufficiency of the evidence to show that appellee's title is good as against the world. Under such circumstances, those served with process in the cause cannot complain of the decree because others who were defaulted were not properly served with process or otherwise brought into court. *O'Laughlin* v. *Covell,* 222 Ill. 162; *McDonnell* v. *Glos,* 266 id. 504.

Appellants make the point that the evidence regarding the abstracts admitted in evidence on behalf of the appellee was not sufficient, under section 18 of the act concerning land titles, to render those abstracts admissible in evidence. Appellants do not point out in what respect the evidence was insufficient and no reference is made in the argument to any such contention. This alleged ground for reversal will therefore not be considered.

The decree of the circuit court is affirmed.

*Decree affirmed.*