(No. 11189.)

AARON B. McCRILLIS, Appellee, *vs.* JACOB GLOS *et al.*—
(D. ARNOLD, Appellant.)

*Opinion filed February 21, 1917.*

1. REGISTRATION OF TITLE—*application need not set out the defects of the defendant's title.* An application to register title need not state specifically wherein a tax title through which defendant claims is invalid, since that is a matter for proof.

2. SAME—*when defendant to application to register title should not be awarded his appearance fee.* A defendant to an application to register title who had no interest in the land but who filed a demurrer should not be awarded his appearance fee where the record does not show he paid the fee and where counsel who represent him also represented another defendant to whom an appearance fee was awarded by the decree.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

ENOCH J. PRICE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Aaron B. McCrillis, filed July 21, 1914, his application in the circuit court of Cook county to register title to two tracts of land,—one of ten acres and one of five acres,—described in the application. Applicant alleged he was the owner in fee simple. Emma J. Glos, Clara L. Glos Bates, Albert L. Glos and D. Arnold were named defendants as claiming some interest, the character of which estate, interest or claim was under a quit-claim deed from Jacob Glos, whose claim in the premises was acquired through an invalid tax deed to a portion of the land. Arnold filed a demurrer to the application August 31, 1914, which was on June 3, 1915, stricken from the files by the

court on motion of counsel for the applicant and a decree *pro confesso* entered against him. The application was thereafter referred to an examiner, who, after hearing the evidence, reported applicant was the owner of the premises and entitled to have his title to the same registered. The report of the examiner was approved and a decree entered as recommended. From that decree Arnold has appealed, and urges a reversal upon two grounds: (1) The court erred in striking appellant's demurrer and rendering a decree against him *pro confesso;* (2) the court erred in not awarding to appellant his costs.

Section 11 of the act concerning land titles (Hurd's Stat. 1916, p. 609,) requires the application to be in writing and signed and sworn to by the applicant or some person in his behalf, and sets out what the application shall contain. The application here met all the requirements of said section. Section 22 is as follows:

"Sec. 22. Any person interested, whether named as defendant or not, may upon entering his appearance and answering the application within the time allowed by this act, or such further time as shall be allowed by the court, oppose any such application or file a cross-application in like form, as in case of an original application, to have the title registered in his behalf. In either case he shall state particularly what his interest is and full answer make to each and every of the material allegations of the application, admitting, avoiding or traversing the same or showing some cause in law why the same need not be so admitted, avoided or traversed. Such answer shall be verified by the affidavit of himself or his agent having knowledge of the facts. The answer shall have no other or greater weight as evidence than the application."

The demurrer of appellant alleged two grounds: (1) That the application did not state such cause of action as entitled applicant to the relief sought; and (2) that the application did not set out the nature of appellant's estate

or claim in the land nor any defects or illegality in the title which it was alleged the appellant claimed to have to the property.

We do not understand a demurrer to be a proper pleading, under section 22, *supra,* in a proceeding of this character, but even if it was, the application was good and the grounds of demurrer were not well taken. The application set forth the nature and character of the estate, interest or claim of appellant in the land as required by section 11. It was not required that the application should state specifically wherein the tax title through which appellant was alleged to claim was invalid. That was a matter for proof, and it was not important whether the demurrer was stricken from the files or overruled.

Appellant was notified in writing that appellee would on June 3, 1915, at the opening of court or as soon thereafter as counsel could be heard, move that the demurrer be stricken from the files and a default entered against appellant. The motion was made and allowed on the day mentioned in the notice. It does not appear to have been resisted by appellant nor was any leave asked by him for further time to answer. Thereafter the cause was referred to an examiner, who took the proof and made his report. Counsel who represent appellant here represented other defendants to the application, were present at the taking of proof before the examiner, objected to his report, and raised no question as to the action of the court in striking the demurrer from the files and entering the decree *pro confesso.* Furthermore, it does not appear from the record that appellant had any interest in the property. The abstract of title offered in evidence by applicant as "Exhibit 4" was the abstract of title to the premises from October 5, 1901, to July 15, 1914, and showed that Jacob Glos obtained a tax deed to one of the tracts of land described in the application August 12, 1907, and that on May 27, 1909, he executed a deed purporting to convey his interest in the prop-

erty to the four defendants named in the application. It further was shown by the evidence that in December, 1912, appellant made a deed purporting to convey the grantor's interest in all lots, blocks and lands in which he had any interest, to Jacob Glos and Emma J. Glos. The deed did not particularly describe any property. Thereupon the application was amended by making Jacob Glos a party but it was not dismissed as to appellant.

It is not claimed by appellant that he had any estate, claim or interest in the land, but it is argued that the decree speaks from the date of its entry, and that it does not appear that between the time the application was filed by appellee and the time the decree was entered appellant did not acquire an interest in or claim to the property. He had ample opportunity to set up in defense to the application any interest in or claim he had to the property but failed and neglected to do so. The demurrer, to which is appended the affidavit of appellant's counsel that in his opinion it is well founded in point of law and not interposed for delay, does not set up or allege any interest in appellant but simply challenges the sufficiency of the application to require appellant to answer it.

We are impressed that appellant's objections to the decree are highly technical and not based on any meritorious claim that he has been injured or deprived of any right the law entitled him to. *O'Laughlin v. Covell,* 222 Ill. 162.

The decree does not award any costs against appellant, but it is claimed it should have required the payment to him of five dollars as an appearance fee. The record does not show he paid such fee. Counsel who represent him also represented another defendant to whom an appearance fee was awarded by the decree.

No good reason is shown why the decree should be reversed, and it is affirmed.

*Decree affirmed.*