(No. 22135.—■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Exr., *et al.* Appellants.

*Opinion filed February 23, 1934.*

FARTHING, J., specially concurring.

McCULLOCH, McCULLOCH & McLAREN, for appellants.

OTTO KERNER, Attorney General, (JOSEPH ROLNICK, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Cook county dismissed a petition filed by appellants for re-assessment of inheritance tax. The grounds set out in the petition are, that appellants the University of Chicago and the Art Institute of Chicago were necessary parties to the proceeding assessing the tax but received no notice of such proceeding, and that the tax was assessed without jurisdiction of them. They also say that the report of the appraiser erroneously fixed the tax against the interest of certain beneficiaries under annuity payments provided by certain contracts therein set forth. Appellant other than the University of Chicago and the Art Institute of Chicago is the executor of the last will and testament of Edward E. Ayer, deceased, who died May 3, 1927. The appraiser's report finding the inheritance tax due was filed March 13, 1928. Receipt for the payment of the tax in full, in the amount of $27,152.62, was filed April 10, 1928. No appeal was taken from the order of the county judge to the county court and no objections have been raised to this tax by the beneficiaries of the will of Ayer.

On December 27, 1928, a petition was filed by appellants to correct the order fixing the tax, first, because of want of jurisdiction, as hereinbefore stated, and on the further ground that there was error in the appraisement; that seven of the items in the appraiser's report describing certain securities which the decedent had at various times prior to his death transferred to the Newberry Library, the University of Chicago, the Field Museum of Natural History and the Art Institute of Chicago were erroneously included by the appraiser for the assessment of the tax; that the tax was erroneously assessed against these items on the ground that the decedent had retained a beneficial in-

terest in the securities involved to the date of his death and to named beneficiaries thereafter, and the appraiser erroneously found that these transfers were intended to take effect in possession or enjoyment at or after the death of the decedent and were therefore taxable, whereas the agreements created an endowment similar to agreements of insurance, and that the payments received by him and other beneficiaries named were not payments of income but were annuities to be paid as the consideration named in the contracts and as an annuity, and that these contracts did not constitute transfers intended to take effect in possession or enjoyment at or after the death of the deceased.

As to appellants' first contention—*i. e.,* that the county judge had no jurisdiction to enter the order assessing the tax because of want of notice of the appraisal—appellants cite section 11 of the Inheritance Tax act, (Cahill's Stat. 1933, p. 2385,) which requires that notice of hearing before the appraiser shall be given "to all persons or corporations known to have a claim or interest in such property, including the Attorney General, and to such other persons as the county judge shall direct." Whether the University of Chicago and the Art Institute of Chicago were entitled to notice is, as we view this record, no longer open here. While they urged in their petition filed December 27, 1928, that they did not have notice, they also prayed for a modification and correction of the order fixing the tax, on the ground that the transfers made to them and to the other institutions, which provided for periodical payments to Ayer for life and after his death to his widow and daughter, did not thereby create interests which vested in possession and enjoyment at or after the death of Ayer, and the conclusion is that the interests of the widow and daughter were not taxable under the Inheritance Tax law of the State; that the instruments effecting such transfers were annuity contracts which took effect immediately, and were not transfers intended to take effect after the death

of Ayer. By their petition appellants asked for an exercise of jurisdiction by the court on the subject matter of their complaint concerning the tax, and they may not at the same time say that they refused to submit to the jurisdiction of the court. *People* v. *Southern Gem Co.* 332 Ill. 370; *People* v. *Wells,* 291 id. 584; *Nicholes* v. *People,* 165 id. 502.

An examination of the appraiser's report and order thereon shows that no tax was assessed against the University of Chicago, the Art Institute of Chicago, the Field Museum of Natural History or the Newberry Library, but the tax was assessed against the widow and daughter, who were beneficiaries under these contracts. They paid the tax in full and are not parties to the petition or this appeal. Appellant institutions not being affected are not afforded the privilege of objecting for third parties and cannot assign as error that which affects only the rights of others. (*O'Laughlin* v. *Covell,* 222 Ill. 162; *Culver* v. *Cougle,* 165 id. 417.) Appellant executor was notified of and appeared at the appraisement proceedings. Not having appealed from the order fixing the tax it was not error to dismiss the petition as to it.

Appellants having estopped themselves from setting up want of jurisdiction over them by complaining as to the merits of the tax, and it appearing from the record that they presented no objection to the tax which they are entitled to urge, it follows that the county court was right in dismissing their petition. Its order is affirmed.

*Order affirmed.*

Mr. JUSTICE FARTHING, specially concurring: I agree with the conclusion but not in all that is said in the opinion.