## Lord, Storey & Co. v. William D. Hollis and John A. Duncan, Copartners, etc.

1. JUDGMENT—*When it Should Not be Reversed.*—If from an inspection of the whole record it appears that substantial justice has been done between the parties, the judgment should not be reversed, even though it should be conceded that the form of an instruction is objectionable.

Assumpsit, on an account stated. Trial in the County Court of Cook County, on appeal from a justice of the peace; the Hon. D. L. JONES, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 14, 1899.

Dow, WALKER & WALKER, attorneys for appellant.

STEWART K. JEWELL, attorney for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellees and against appellant for the sum of $23.75, rendered in the

County Court, on appeal from a judgment of a justice of the peace.

John K. Abbott, a salesman for appellees, testified that, August 23, 1893, he received an order from John G. Hoffman, secretary and treasurer of the appellant corporation, for goods to the amount of $23.75; that Hoffman requested him to date the bill September 1, 1898, so as to permit him, Hoffman, to obtain a discount by paying the bill within ten days from said date, which he, Abbott, did; that after thirty days from September 1, 1898, he called on Hoffman and requested payment for the goods, and that Hoffman told him that the goods had been delivered and that he would pay for them, but that he had a note to meet and wanted a few days more time, but would pay the bill in a week or ten days; that in ten days the witness called again on Hoffman and told him that unless payment should be made by six o'clock that evening suit would be brought; that suit was subsequently brought, after which witness saw Hoffman at the office of Mr. Duncan, one of the appellees, and that Hoffman then said he would pay all except the costs.

Appellee Duncan testified that the only interview he had with Hoffman in respect to the bill, was after the commencement of the suit before the justice, and that Hoffman then said he wanted to pay for the goods, but not the costs.

Hoffman, on behalf of appellant, testified that he did not tell Abbott that the goods had been delivered; that he did not know whether or not they had been delivered; also, that he told Duncan that rather than have any litigation about the matter, he would be willing to pay the net amount of the claim, but not any costs. The evidence is that the amount of the costs was only $3, which is the sole amount really in controversy between the parties. *Hinc illae lachrymae.*

The giving of the following instruction is assigned as error:

" The court instructs the jury as a matter of law, that if they find, from all the evidence in the case, that the defendant in this case promised to pay to the plaintiffs in this case

the sum of $23.75 for goods delivered to it from said plaintiffs, then the jury shall find the issue for the plaintiff."

The contention of counsel is, that the court, by this instruction, assumed that the goods were delivered, and so took the question of delivery from the jury. We do not so think. The testimony of Abbott was that Hoffman said that the goods were delivered and, at the same time, promised to pay for them. Assuming this testimony to be true, Hoffman's promise, which, in view of his official position, must be regarded as appellant's promise, was a promise to pay for goods delivered. But even though it should be conceded that the form of the instruction is objectionable, yet, if, from an inspection of the whole record, it appears that substantial justice has been done between the parties, the judgment should not be reversed. Newkirk v. Cone, 18 Ill. 449; Dishon v. Schorr, 19 Ib. 59; Schwarz v. Schwarz, 26 Ib. 81; N. C. City Ry. Co. v. Lake View, 105 Ib. 207, 214; Heckle v. Grewe, 125 Ib. 58, 63.

We are satisfied from such inspection that justice has been done, and that if there should be another trial the result must be the same. Hoffman, while denying that he told Abbott that the goods had been delivered, did not deny their delivery, nor that he promised Abbott to pay for them, and he admits that he told Duncan that he was willing to pay the claim, less the costs in the justice's court. Now, although it may be true, as he says, that he had no personal knowledge as to whether or not the goods were delivered, yet it is not reasonably presumable that he would have promised to pay for them had he not been credibly informed that they were delivered. Appellant, as a business corporation, must have known whether or not the goods were delivered. Proof of their non-delivery would have been a complete defense, yet it did not even attempt to prove nondelivery.

We think it the duty of counsel to discourage, as much as possible, litigation in such cases as this, which, for aught we know, may have been unavailingly done in the present case.

The judgment will be affirmed.