## Village of Harvel, Appellant, v. J. H. McGlothlin, Appellee.

1. APPEALS AND ERRORS—*substantial justice notwithstanding errors.* Courts of review reverse only for such errors as may have been prejudicial to the complaining party, and as no number of errors can be said to be prejudicial to a party where the judgment upon conceded facts is the only one that could be rendered and another trial must result in the same way, where it appears from the whole record that substantial justice has been done between the parties, a judgment will not be reversed, even though errors intervened in the giving and refusing of instructions.

2. CITIES AND VILLAGES—*persons subject to street labor.* Defendant is not an able-bodied man who may be legally required to perform street labor under the terms of a village ordinance where he is suffering from a pulmonary disease that produces hemorrhage, coughing and shortness of breath.

Appeal from the Circuit Court of Montgomery county; the HON. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

F. M. RAMEY and HILL & BULLINGTON, for appellant.

E. A. CRESS and H. A. SAWYER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This suit was commenced before a justice of the peace by the appellant village, against the appellee, to recover under an ordinance of such village, for the alleged failure of the appellee to work upon its streets, after notice served.

The ordinance in question provides that every able-bodied male inhabitant of the village, above the age of twenty-one and under the age of fifty years, shall labor upon the streets of the village at least two days each year, or pay, in lieu thereof, $1.50.

In the trial before the justice of the peace the issue was found for the appellee, and an appeal was taken to the Circuit Court of Montgomery County, where the case was again heard and a verdict returned finding the issues for the appellee. A motion for new trial was made and overruled and judgment rendered upon

the verdict of the jury; and this appeal has been perfected.

A reversal is sought because of erroneous instructions given for the appellee, and the refusal of proper instructions asked on behalf of the appellant. Instruction No. 1, given at the request of the appellee, is subject to criticism, and instructions numbered 1 and 2, as asked by appellant and refused by the court, were proper and should have been given.

For these errors in rulings upon the instructions above mentioned, the judgment should be reversed, unless we can say from the whole record, that substantial justice has been done.

The facts disclosed by the evidence in the record are, substantially, as follows: In the year 1911 the appellee was a resident of the appellant village, was above the age of twenty-one and under fifty years, and his name appeared upon the roll of able-bodied male citizens eligible to labor upon appellant's streets. On the eighth day of September of said year, appellee was served with a proper notice requesting him to appear at a designated place and time, to perform two days' road labor, or to commute same by a cash payment. At the time of the service of this notice, appellee presented a certificate of a practicing physician, dated the same day, which certified that he, the physician, had examined and prescribed for appellee, and advised him against performing any hard labor.

Upon the trial of the cause in the circuit court, the evidence disclosed the fact that appellee had been suffering from some throat or lung trouble for a number of years, and was subject to a cough, and at times had hemorrhage. These facts were testified to by Dr. W. H. Mercer and five other witnesses, some of whom roomed with appellee, one of whom was his partner, and by others who saw him frequently.

It further appeared, that during the summer and fall of 1911, appellee would take spells of coughing at

night, and would expectorate blood; and Dr. Mercer
further testified that when he prescribed for him on
the eighth day of September, 1911, he was then suf-
fering from an attack of malaria, weakness of lungs
and shortness of breath. The evidence also disclosed
that during the spring and summer of that year he
worked at painting and other labor for different per-
sons at intervals, perhaps half of the time; but upon
several occasions he became sick and returned to his
home unable to work.

Under this state of facts was appellee an able-bodied
man and legally required to perform street labor,
and was the verdict of the jury and the judgment of
the court supported by the proofs disclosed?

We are at a loss to perceive how the jury could
have found a different verdict than the one returned
by it.

While it may be said, and correctly so, that in or-
der to be liable for street labor under the ordinance
in question a man need not be physically perfect, it
certainly cannot be said that a man suffering from a
pulmonary disease that produced hemorrhage and
shortness of breath, accompanied by coughing and the
expectoration of blood at times, is an able-bodied man.

In this case we feel that substantial justice has been
done by the verdict and judgment below, and that any
other judgment would be unjust to the appellee.

The rule of law is well settled that, if from an in-
spection of the record it appears that substantial jus-
tice has been done between the parties, the judgment
should not be reversed, even though it should be con-
ceded that error intervened in the giving and refusing
of instructions. In the case of Heckle v. Grewe, 125
Ill. 58, the supreme court used the following language:
"Courts of review reverse only for such errors as may
have been prejudicial to the complaining party, and
certainly no error or number of errors can, with any
propriety, be said to prejudice a party, when it is
clear, as it is here, that the judgment upon the con-

ceded facts is the only one that could properly be rendered, and that another trial would therefore necessarily result the same way.''

This principle of law has met with the approval of this court also, in the following cases: Berry v. Illinois Cent. R. Co., 92 Ill. App. 488; Lord, Storey & Co. v. Hollis & Duncan, 86 Ill. App. 241.

It is, therefore, our duty to affirm this judgment, notwithstanding the erroneous instructions mentioned.

*Affirmed.*