BENJAMIN HECKLE

*v.*

WILLIAM GREWE.

*Filed at Springfield May 9, 1888.*

1. EXEMPTION *from execution—interest of tenant in common in personal property.* The interest of a tenant in common in personal property stands upon the same footing, in respect to the exemption laws, as like interests in other property, where the possession as well as the title is several.

2. A defendant in execution, being the head of a family and residing with the same, was the owner of an undivided half of certain personal property, not exceeding in value $300, as tenant in common with another. Upon notice by the officer holding the execution, he scheduled such property, and claimed the same as exempt, but the officer, nevertheless, levied upon and sold his interest in the property: *Held*, that the officer became liable to him in trespass, for double the value of such property.

3. ERROR WILL NOT ALWAYS REVERSE—*must be prejudicial to party complaining.* Courts of review will reverse only for such errors as may have been prejudicial to the party complaining. Errors can not be said to be prejudicial to a party when it is clear that the judgment upon the conceded facts is the only one that could properly be rendered, and when another trial would necessarily result the same way.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. George W. Fogg, for the appellant:

·The terms of the statute indicate that the legislature proposed to deal with estates in severalty. One co-tenant can not have set apart to him, and hold as exempt, for his sole benefit, property to which he has no right of separate possession. When the question has arisen, the claim of a co-tenant to a homestead exemption has been repeatedly denied. *West* v. *Ward,* 26 Wis. 580; *Thurston* v. *Maddock,* 6 Allen, 129; *Waalf* v. *Fleischacker,* 5 Cal. 244; *Reynolds* v. *Pixley,* 6 id. 167; *Elias* v. *Verdego,* 27 id. 418; *Bishop* v. *Hubbard,* 23 id. 517; *Ward* v. *Hahn,* 16 Minn. 167; *Kingsley* v. *Kingsley,* 39 id. 565; *Bousal* v. *Comly,* 44 Pa. St. 442; *Pond* v. *Kimball,* 101 Mass. 105; *Guptil* v. *McFee,* 9 Kan. 30; *Kellenbarger* v. *Kapp,* 5 Cal. 565.

The statute is a penal statute. · *Pace* v. *Vaughn,* 1 Gilm. 30; *Cornelia* v. *Ellis,* 11 Ill. 584; *Vaughn* v. *Thompson,* 15 id. 39; *Casey* v. *Harvey,* 14 id. 45; *Railroad Co.* v. *Reidy,* 66 id. 46; *Amend* v. *Murphy,* 69 id. 337; *Race* v. *Oldridge,* 90 id. 250.

Such statutes must be strictly construed, and their provisions are not to be extended or enlarged by construction, and the party will be required to bring himself clearly within their provisions. *Raplee* v. *Morgan,* 2 Scam. 561; *Waddle* v. *Duncan,* 63 Ill. 223; *Edwards* v. *Hill,* 11 id. 22; *People* v. *Peacock,* 98 id. 173.

The plaintiff must, by his pleadings, show himself clearly within its provisions, or his declarations will be held bad on demurrer. *Figueira* v. *Pyatt,* 88 Ill. 402.

A law admitting of but one penalty, and that a harsh one, will be subjected by the court to the closest criticism and to the strictest construction. *Railroad Co.* v. *People,* 69 Ill. 27.

No property can be successfully claimed as exempt which does not clearly appear to be embraced in the statute. (Freeman on Executions, secs. 208, 317.) The *onus* of proof is on the claimant. He must show affirmatively every fact necessary to support his claim. *Calhoun* v. *Knight,* 10 Cal. 393;

*Briggs* v. *McCulloch,* 36 id. 512; *Dowling* v. *Clark,* 3 Allen, 570; *Davenport* v. *Alston,* 14 Ga. 271; *Corp* v. *Griswold,* 27 Iowa, 379; *Van Sickler* v. *Jacobs,* 14 Johns. 434; *Griffin* v. *Sutherland,* 14 Barb. 456; *Dawes* v. *Prosser,* 32 id. 290; *Tuttle* v. *Buck,* 41 id. 417; *Swan* v. *Stephens,* 99 Mass. 7.

Where, by statute, double or treble damages are given, the actual damages found by the jury are to be doubled or trebled by the court. 2 Archbold's Nisi Prius, 119; *Buckle* v. *Bawes,* 4 B. & C. 154; Sedgwick on Damages, (6th ed.) 724; *Gray* v. *James,* 1 Pet. C. C. 394; *Evans* v. *Hitchcock,* 3 Wash. 408; *Newcombe* v. *Butterfield,* 8 Johns. 342; *King* v. *Havens,* 25 Wend. 420; *Warren* v. *Doolittle,* 5 Cow. 678.

Messrs. CARTER & GOVERT, for the appellee:

Appellant's contention that this statute should be strictly construed, is not supported by the authorities, but, on the contrary, it has been uniformly held that statutes of exemption are to be liberally construed. *Kelly* v. *McFadden,* 80 Ind. 536; *Gregory* v. *Latchem,* 53 id. 449; *Barkley* v. *Mahon,* 95 id. 101; *State* v. *Rood,* 94 id. 103; *Puett* v. *Beard,* 86 id. 172; *Good* v. *Fogg,* 61 Ill. 449; *Kuntz* v. *Kinny,* 33 Wis. 510; *Carty* v. *Drew,* 46 Vt. 346; *Allison* v. *Brookshire,* 38 Texas, 199; *Seely* v. *Gwillim,* 40 Conn. 106; *Haas* v. *Shaw,* 91 Ind. 384.

We have been able to find no case, nor has appellant cited any, where the question at issue in the case at bar has been decided. On the contrary, it is held in the following cases, that the members, severally, of a co-partnership, are entitled to exemptions out of the co-partnership personal property: *Skinner* v. *Shannon,* 44 Mich. 86; *Russell* v. *Lennon,* 39 Wis. 507; 20 Am. Rep. 60; *Stewart* v. *Brown,* 37 N. Y. 350; *Burns* v. *Harris,* 67 Harris, (N. C.) 140; Thompson on Homestead and Exemptions, sec. 216.

But it is immaterial what the rule may be as to partnership property. It seems to us sufficient to say, that the interest of appellee in this property is clearly within the statute of this

State, according to its very letter and spirit, and that no construction of the statute is required.

In 1 Sutherland on Damages, 826, the learned author states, that while it is appropriate, and according to the general practice, for the jury, if they find the defendant guilty, to assess simple damages in terms, then the court, on motion, to direct judgment for the increased damages provided for in the statute. But if the statute contains no express or implied directions on the subject, it is immaterial whether the court or the jury doubles or trebles the damages. *Quimby* v. *Carter*, 20 Me. 218. And in *Warren* v. *Doolittle*, 5 Cow. 684, cited by appellant, the court, while approving the action of the court below in doubling the single damages found by the jury, said: "In principle, it is wholly immaterial whether it is done by the court or jury."

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Henry C. Mulligan, having recovered a judgment in the Adams circuit court, for $139.65, against the appellee, William Grewe, who was the head of a family, and residing with the same, caused a writ of *fieri facias* to be issued thereon, and placed it in the hands of the appellant, Benjamin Heckle, the sheriff of the county, for execution. On being notified thereof, the appellee made out and delivered to the sheriff, in strict conformity with the statute, a schedule of all his property, amounting in value to about $300, and claimed the same as exempt from execution. Most all of the property scheduled consisted of three mules, two coal wagons, four sprinkling wagons, and five sets of double harness, in which the appellee had an undivided half interest, as tenant in common with one A. H. Wissmann. The sheriff, under the instructions of the plaintiff's attorney, proceeded to levy upon the defendant's interest in the property, notwithstanding it had been scheduled and claimed by him as exempt under the statute, and subsequently, after the usual notice, sold the same, under the execu-

tion, for $183.50. The defendant in the execution thereupon brought an action of trespass against the sheriff, to recover double the value of the property sold. The action is founded on the 13th, 14th and 17th sections of chapter 52 of the Revised Statutes, entitled "Exemptions," (Starr & Curtis' ed.) the last section of which provides as follows: "If any officer, by virtue of any execution or other process, or any other person, by any right of distress, shall take or seize any of the articles of property exempted, as herein provided, from levy and sale, such officer or person shall be liable to the party injured for double the value of the property so illegally taken or seized, to be recovered by action of trespass, with costs of suit." The cause was tried before the Adams circuit court and a jury, resulting in a judgment of $600 for the plaintiff, which was subsequently affirmed by the Appellate Court for the Third District, whence the case is certified, under the statute, to this court for review.

The undisputed facts are, as already indicated, that the property levied upon and sold by the sheriff belonged to appellee, as tenant in common with Wissmann; that the same was properly scheduled and claimed by the defendant in the execution before it was taken and sold by the sheriff; that appellee's one-half interest therein did not exceed $300 in value, and that at the time the property was so taken and sold, appellee was the head of a family, and residing with the same. It therefore follows, that if, as matter of law, the interest of a tenant in common in personal property is in any case exempt, under our statute, from levy and forced sale, it clearly was in this. The lower courts both held that such interest in personal property stands upon the same footing, in respect to the exemption laws, as like interests in other property, where the possession as well as the title is several. That the lower courts ruled correctly on this question, we have no doubt. Being of this opinion, it would be a useless consumption of time to consider the other questions discussed in the briefs, for, accepting this as the law of the case, as, upon the

admitted facts, we must, there was clearly no error in affirming the judgment of the trial court, even though some of its rulings may have been improper, about which we express no opinion. Courts of review reverse only for such errors as may have been prejudicial to the complaining party, and certainly no error or number of errors can, with any propriety, be said to prejudice a party, when it is clear, as it is here, that the judgment upon the conceded facts is the only one that could properly be rendered, and that another trial would therefore necessarily result the same way.

It is supposed by counsel, that the view taken by the courts below on this question, and in which we fully concur, is not to be reconciled, in principle, with the case of *Trowbridge* v. *Cross*, 117 Ill. 109. We are unable to perceive anything in that case which justifies the claim of counsel. The question there decided was, "whether one member of a firm can hold a homestead estate in the real estate of the firm, as against a co-partnership debt, and without the consent of the co-partner," and it was held that he could not. If the articles levied upon in this case were partnership property, and the claim sought to be collected were a partnership debt, then there would be a striking analogy between that and the present case; but as it is, there is scarcely any. Indeed, the differences between the ownership of property by a tenant in common, and the ownership of like property by a partner, are so many and elementary in their character, and withal so clearly defined in the law, that it would be useless to name them, or point out the legal consequences that respectively attach to them.

Being fully satisfied with the conclusion reached by the Appellate Court, its judgment will be affirmed.

*Judgment affirmed.*