## People, ex rel. Witherell, v. City of Chicago et al.

### Gen. No. 12,893.

1.  MANDAMUS—*when proper to expunge portions of petition.*  It is proper to expunge from a petition for *mandamus* any portion or portions thereof, either in allegations or prayer, where it appears that the same are superfluous and immaterial.

2.  MANDAMUS—*when does not lie.*  *Mandamus* does not lie to set aside and undo what has already been done, even though the thing done ought not to have been done.

3.  CIVIL SERVICE ACT—*what not ground for setting aside examination conducted by commissioners.*  Examinations conducted by the civil service commission will not be set aside even though the mayor may have unduly influenced the commissioners in the interests of one of the parties taking the examinations in question.

4.  CIVIL SERVICE ACT—*discretion of commissioners with respect to examination under.*  The civil service commission has a discretion with respect to determining the physical and other tests to be applied at an examination and the exercise of this discretion will, ordinarily, not be interfered with or controlled by the courts.

*Mandamus* proceeding. Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed February 1, 1907.

**Statement by the Court.** This was an amended petition for *mandamus* filed in the name of the People at the relation of a citizen, resident and taxpayer against the city of Chicago and the civil service commissioners.

It is alleged that the city is a municipal corporation organized under the laws of the State of Illinois, having a department of police which embraces the superintendent of police and various other officers, including an assistant superintendent of police, which offices were created by ordinance. The petition sets forth the adoption of the Civil Service Act, the appointment of civil service commissioners, and that the office of assistant superintendent of police was duly classified and is part of the classified civil service of said city; that the office of assistant superintendent of police is not such an office as is provided for in section 11 of the Civil Service Act; that on July 1, 1904, said commission advertised for a promotion examination under the Civil Service Act and Rules, for the office of assistant superintendent of police; that for more than one year prior thereto Shippy and Lavin were inspectors of police of said city, and Clancy, Schuettler, Kelly, O'Brien, Melaniphy, Kandzia and Mahoney were captains of police; that said inspectors were eligible; that said captains were not eligible to take said examination; that each of them made application and took said examination, which was held by the commission and examining boards appointed by said commission; that there were in full force and effect certain rules of the commission, to wit, rules 4 and 7; that rule 4, section 1, provides that the subjects of examination shall be designated, and the relative weight of each subject shall be fixed by the commission; and that

any person who shall at any examination  *  *  *
use or assist somebody else in using any informa-
tion surreptitiously obtained  *  *  *  whereby an
advantage is obtained over other competitors at such
an examination, shall, upon conviction, have his name
stricken from the eligible list; that rule 7 provides
*inter alia* that promotions in the classified service
shall be from rank to rank, that all who attain a
general average of seventy per cent. shall be placed
upon the eligible register for promotion; that exam-
inations for promotion shall be practical in char-
acter; that technical knowledge or duties and effi-
ciency shall each have a weight equivalent to at least
one-half the sum of the weights of all other sub-
jects. Upon requisition of an appointing officer, the
commission shall certify a group not to exceed three
standing highest on the register, and from said group
the appointing officer must appoint one for the pro-
motion; that the weight of physical qualifications was
on July 1, 1904, fixed by the commission at one-half;
that at the time of taking said examination the chief
examiner and secretary of the commission and the
examiners each announced in the presence of all the
applicants aforesaid, that the subject of duties would
be given a weight of six in a total of weights of ten,
but that in making the final averages said commis-
sion have given the subject of duties but three weights
out of a total of ten and one-half.

The petition further alleges that the office of as-
sistant superintendent of police is filled by appoint-
ment by the superintendent of police, by and with
the advice and consent of the mayor of said city, and
that Carter H. Harrison was the mayor of said city;
that before said examinations were held, and while
they were being held, said mayor stated publicly and
openly that if said Schuettler passed first, second or
third on the eligible list for said position, he, said
mayor, would appoint or cause to be appointed said
Schuettler to said position of assistant superintend-

ent; that in this way said examiners and commissioners were unduly influenced in the matter of marking and grading said applicants, to the advantage of said Schuettler and to the end that he might stand first, second or third on the eligible list ; that said Schuettler was informed for a month in advance that certain lung and muscle testers were to be used in said examination; that he put in a great amount of time in practice and exercise upon said testers to the great disadvantage of the other eight applicants, who did not know that said testers were to be used in said physical examination, and that the marking of said Schuettler as to said physical examination was the highest upon said eligible list of nine, by reason of his extensive use and practice with said testers; that said Schuettler visited the rooms used by the examining board, and used the very machines which were used upon the examination of said applicants, for a month prior to said physical examination; that upon the examination, under the subject of city information, questions were asked not practical in their character, which did not relate to those matters which would fairly test the relative capacity of the persons examined to discharge the duties of the position to which they sought to be appointed.

The petition further alleges that the position of assistant superintendent of police stands in the highest or 10th rank or grade of the classified service of the department of police of said city; that the 9th or next lower rank or grade of the classified service consists of the inspectors of police; and the 8th or second lower rank or grade consists of the secretary of the department of police, the superintendent of the bureau of identification, and the captains of police of said city; that on July 1, 1904, said commission ordered that those eligible to take said promotion examination for assistant superintendent of police would be all inspectors and captains in the police depart-

ment; that said examination was null and void under section 9 of the Civil Service Act, as to said Clancy, Schuettler, Kelly, O'Brien, Melaniphy, Kandzia, and Mahoney, captains of police.

Herman F. Schuettler is made party defendant. The prayer is that a writ of *mandamus* issue, commanding the commissioners to forthwith compute the general averages of said applicants in accordance with rule 4, division "D," and with rule 7 of the civil service commission aforesaid; that the subject of city information, and the subject of efficiency be not considered in said averages; and that the marking arrived at by means of lung and muscle testers be not considered in arriving at said averages; and that said Schuettler be placed on the eligible list where the averages, as properly computed, would place him; and that they be required to post and certify said list after said corrected computation has been so made; and that said examination be by said commission set aside and held for naught, on account of the aforesaid irregularities, and for such other order as justice may require.

Thereafter, on motion made by defendants, certain portions of said amended petition were, by the court, stricken out and expunged. To the order striking out and expunging said portions, plaintiff duly excepted. The court then sustained the demurrer of the defendant, Schuettler, to said amended petition, and petitioner electing to stand by his amended petition, the court dismissed the same at petitioner's costs. The case is brought here on a writ of error, plaintiff assigning as errors the striking out and expunging said parts of the amended petition, the sustaining of the demurrer to the amended petition, the rendering of judgment for costs against plaintiff, and the dismissal of the amended petition.

A. D. GASH, for plaintiff in error.

JOHN W. BECKWITH and RICHARD J. FINN, for de-

fendants in error; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The substance of the relief asked for is that a promotion examination for assistant superintendent of police be set aside on account of certain alleged irregularities. These are said to be, (1) throwing the examination open to captains when under the rules it should have been open to inspectors only, since the latter are next lower in rank to an assistant superintendent of police, (2) that the mayor, who appoints and can remove the commissioners, brought undue influence to bear upon them and the examiners in the matter of marking to the advantage of Herman F. Schuettler, then a captain of police, (3) that other applicants were under surveillance at the examination while Schuettler was not, and the latter was informed a month in advance that certain tests were to be used in the examination and availed himself of the information which was not given to others.

We find no error in the action of the Circuit Court expunging certain parts of the petition, including a part of the prayer for relief. It is proper to expunge such portions of pleadings as are superfluous and immaterial, not subject to special demurrer and which if traversed by plea or answered would raise false issues. Stover Mfg. Co. v. Millane, 89 Ill. App., 522-537, and case there cited. "Surplusage, however, is not a subject for demurrer." Heard's Stephen on Pleading, 9th Am. ed., p. 423. In the present case the allegation that the examiners were "unduly influenced" by the mayor, even though it be true, manifestly is not sufficient ground for a peremptory writ of *mandamus* to set aside the examination. It may be true that undue and improper interference by the city official having the power of appointment and removal of the civil service commission is repre-

hensible. But it is not clear that it affected the examination or its results, and it fails to show any clear right to the writ sought. In that part of the prayer for relief which was expunged it was sought to command the civil service commissioners to compute anew the general averages of those examined in a specific way, omitting from consideration certain subjects, "city information," "efficiency," and lung-muscle tests. The petition shows that the rules referred to permit the commission at any examination to add other subjects than those specially designated. The allegations expunged, to the effect that the examinations were not "practical," that other applicants were watched carefully at the examination and Schuettler was not, do not support the prayer. Some discretion is vested by the act in the commission, which the court may not question in this proceeding. In Spelling on Extraordinary Relief it is said (sec. 1436) that "it is important in all cases to bear in mind the distinction between the right to exercise a reasonable discretion by one selected on account of his supposed fitness to perform particular official functions and to exercise in the performance a wise discrimination, and the condition presented where one so selected and required by law to do a certain act has totally refused to take any action whatever." It was, we think, fairly within the discretion of the commission to determine whether the examination for police officers should include certain physical and other tests, and this discretion will not ordinarily be controlled by the court. Reddick v. The People, 82 Ill. App. 85-92. It is only when there is a clear legal right that municipal authorities vested with discretion in the premises can be compelled by *mandamus* to act, "but not to act in any particular way." *Idem.*

The principal contention of counsel for plaintiff in error is that captains not being members of the next lower rank were not eligible to the examination for

promotion to the position of assistant superintendent of police when there were inspectors taking the examination, and that therefore the examination may be set aside by writ of *mandamus*, because it is said the writ will issue to compel the performance of an official act in a proper manner, citing Van Dorn v. Anderson, 219 Ill. 32-36. In this case, however, the writ is sought not to perform an official act, but to set aside an act already performed.

Section 454 of the Act to regulate the civil service of cities (R. S. chap. 24) contains the provision that "all examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination." The petition shows that inspectors were members of the next lower rank to that of assistant superintendent of police. It appears that rule 7 of the rules adopted and published by the commission, and which were in full force and effect at the time when the commission advertised for the promotional examination in controversy, provided that competition should be limited to the members of the next lower rank or grade where the same was constituted of at least two eligible persons, and if there were not two such persons, or if they failed to pass, then persons in the next lower grade could be admitted. In the present case it is made to appear that the examination was taken by at least two inspectors and by captains, of whom Herman F. Schuettler was one.

The claim of plaintiff in error is that the examination of the captains under these circumstances was void. If this is so, then that part of the prayer for relief which was expunged and which asks that the writ issue to place Schuettler on the eligible list where the averages as properly computed from such examination would place him, is certainly not tenable. If the examination was void as to all captains, none of them would seem to be entitled to a place on the eligible list by reason of having taken it.

Counsel for the city do not dispute that under the law the examination should be competitive among members only of the next lower rank, viz., the inspectors of police who took the examination. It is urged, however, that the writ will not issue to compel the commission by *mandamus* to undo what has already been done, though erroneously. In Spelling on Extraordinary Relief, section 1436, *supra*, it is said that *"mandamus* does not lie to compel a party holding an official position to reverse a decision already rendered in the exercise of discretionary powers." As a general rule the writ is granted to compel the doing of something which ought to be done and which there is, a clear legal right to have done, not to undo action that has already been taken. It is refused, even in cases where the action taken has been clearly illegal, as in People v. Reardon, 3 N. Y. Supplement, 560 (562), where election inspectors had proceeded illegally in counting ballots. In that case also as a result of the illegal count the office had been filled and it was held that "the question of the claimants' right cannot be tried by *mandamus;*" that the appropriate remedy was *quo warranto.* See also Hayes v. Morgan, 81 Ill. App. 665-669; State ex rel. v. Russell, 51 N. Y. Rep. 465.

The prayer of the expunged portion of the petition is "that said examination be by said commission set aside and held for naught on account of the aforesaid irregularities." If the office of assistant superintendent of police has been filled as a result of the examination in controversy, the incumbent's right cannot be tried in this proceeding. We are of opinion that *mandamus* will not lie to set aside and so undo what has already been done, even though it ought not to have been done. Sweet v. Conley, 20 R. I. 381-385.

The judgment of the Circuit Court must therefore be affirmed.

*Affirmed.*