People ex rel. Edwin A. Olson, Appellee, v. Robert M. Sweitzer, County Clerk et al.

Appeal of Lewis Rinaker.

Gen. No. 18,852.

People ex rel. Edwin A. Olson, Appellee, v. Robert M. Sweitzer, County Clerk et al.

Appeal of Samuel A. Ettelson.

Gen. No. 18,853.

People ex rel. Edwin A. Olson, Appellee, v. Robert M. Sweitzer, County Clerk et al.

Appeal of Robert M. Sweitzer, County Clerk.

Gen. No. 18,854.

1. MANDAMUS, § 6*—*when does not lie.* Mandamus lies to do what ought to be done, not to undo what ought not to have been done.

2. MANDAMUS, § 40*—*when does not lie to require change of order of names of candidates on ballots.* Where the county clerk on filing the petitions for nomination for State's Attorney on the republican ticket, under the Primary Election Act, indorsed the time of filing on each petition, and published a list stating the order in which the petitions were filed, and the order in which the names of candidates would appear on the ballots, mandamus does not lie on behalf of one of the candidates to require the clerk to place his name first on the ballot on the ground that his petition was presented first.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD and HON. DUANE J. CARNES, Judges, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed March 9, 1914.

**Statement by the Court.** Relator Olson filed his petition in the Circuit Court, March 16, 1912, against the appellants and certain other defendants for a *mandamus.*

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

The petition avers that the relator and the defendants other than Sweitzer, the county clerk, were republican candidates for nomination for State's Attorney of Cook county at the primary election of April 9, 1912; that relator's petition was the first petition presented to the County Clerk on February 9, 1912, the first day that petitions could be filed under the act relating to primary elections, and the clerk was requested to indorse the petition as filed before the filing of the petitions of the other candidates for said office, but that he indorsed the petition of Rinaker as the first filed, the petition of Ettelson as the second filed, and indorsed the petition of the relator as filed after the petitions of Rinaker, Ettelson and four other candidates had been filed; that the county clerk had published a list purporting to show the order in which petitions for nomination on the republican ticket were filed, and that on such list the name of the relator appears as the seventh in order among the petitions filed for nomination as State's Attorney.

The prayer of the petition is that a writ of *mandamus* issue directing Sweitzer, as county clerk, to correctly indorse on the petition of relator the time of the filing thereof, so that it should have precedence in the matter of the time of filing over the petitions of the other candidates, to the end that on the ballot the name of the relator should appear ahead of and preceding the names of the other candidates for the office of State's Attorney. Rinaker and Ettelson demurred to the petition, their demurrers were overruled and an order entered directing Sweitzer, as county clerk, to indorse the petitions in accordance with the prayer of the petition. From this order Rinaker, Ettelson and Sweitzer, as county clerk, took separate appeals, which have been consolidated for hearing.

Gustav E. Beerly, for appellant Lewis Rinaker; Wells M. Cook and Nathan W. MacChesney, of counsel.

Chipman & Jackson, for appellant Samuel A. Ettelson.

Alfred S. Austrian and Edmund D. Adcock, for appellant Robert M. Sweitzer.

Edwin A. Olson, *per se.*

Mr. Presiding Justice Baker delivered the opinion of the court.

"The writ of *mandamus* lies to do what ought to be done, not to undo what ought not to have been done." Merrill on Mandamus, sec. 42; *Sweet v. Conley,* 20 R. I. 381; *W. C. T. Co. v. Marshall,* 49 Tenn. 121; *People ex rel. Seeberger v. Rose,* 164 Ill. App. 159.

In *Ex parte Nash,* 19 Q. B. 92, 69 E. C. L. 92, Lord Campbell said: "The writ of *mandamus* is most beneficial; but we must keep its operation within bounds, and not grant it at the fancy of all mankind. We grant it when that has not been done which a statute orders to be done; but not for the purpose of undoing what has been done. We may on application for a *mandamus* entertain the question whether a corporation, not having affixed its seal, is bound to do so; but not the question whether, when they have affixed it, they have been right in doing so."

Here the county clerk had acted in a matter committed by law solely to him before the petition was filed. He had indorsed on each petition the time it was filed and prepared and published a list stating the order in which petitions for nominations on the republican ticket for State's Attorney had been filed, and the writ did not lie to compel him to undo what he had done.

We think that the demurrers to the petition should have been sustained, and the judgment will therefore be reversed, but as a *mandamus* would now be unavailing, the cause will not be remanded.

In each case the order will be that the judgment be reversed.

*Reversed.*