# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

(No. 11328.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD H. MICHAEL, Plaintiff in Error.

*Opinion filed June 21, 1917—Rehearing denied October 9, 1917.*

1. CRIMINAL LAW—*the accused cannot complain of error in his favor.* Failure of the court, on sentencing a person convicted of bigamy, to impose any fine in addition to imprisonment in the penitentiary for an indeterminate term is error in favor of the accused, of which he cannot complain in a court of review.

2. SAME—*neglect of accused to testify should not raise any presumption against him.* Neglect of one accused of crime to testify should not raise any presumption against him, and he is entitled to have the jury instructed to that effect.

3. SAME—*error which is not prejudicial is not ground for reversal.* Error which is not prejudicial to the party complaining is not ground for reversal, but the weight of authority is that prejudice will be presumed unless the record shows the contrary.

4. SAME—*when court will not give effect to presumption that error was prejudicial.* Error in refusing to give an instruction stating that the neglect of the accused to testify should not raise any presumption against him is not ground for reversal, where the bill of exceptions does not contain any of the evidence and the record merely shows the existence of the error without showing

there was any conflict in the testimony or anything from which the jury might, as reasonable men, have reached a different conclusion had the instruction been given.

5. SAME—*when giving of instructions may be questioned without setting out all the evidence in record.* Where the record states that the evidence tended to prove the issue but was conflicting, the propriety of giving and refusing instructions may be fairly presented without setting out the evidence in full.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

CANTWELL & SMITH, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (JAMES O'BRIEN, and GEORGE C. BLISS, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was tried in the criminal court of Cook county under an indictment charging him with the crime of bigamy. He was convicted, and after motions for a new trial and in arrest of judgment had been overruled he was sentenced to an indeterminate term in the penitentiary and has sued out this writ of error to review the judgment.

The punishment for bigamy is imprisonment in the penitentiary from one to five years and a fine not exceeding $1000. By their verdict the jury found plaintiff in error guilty of bigamy in manner and form as charged in the indictment but did not fix or impose any fine. The court sentenced him to an indeterminate term in the penitentiary. It is insisted this was error. Conceding it was, it was error favorable to plaintiff in error, of which he can not complain. *Harmison* v. *City of Lewistown*, 153 Ill. 313; *McQuoid* v. *People*, 3 Gilm. 76.

We think there is no merit in the argument that if the jury had imposed a fine it might have tended to shorten plaintiff in error's term in prison because the board of pardons would have considered that in considering an application for parole.

The bill of exceptions does not contain any of the evidence heard at the trial but contains a statement that plaintiff in error did not testify. He requested the court to instruct the jury that he was under no obligation to testify in his own behalf and that his neglect to do so should not raise any presumption against him. The constitution provides that no person shall be compelled in any criminal case to give evidence against himself. At common law a defendant in a criminal case was not competent to testify on his own trial. Our statute has removed the disqualification, and provides that a defendant in any criminal case "shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him." (Crim. Code, par. 426.) In so far as the refused instructions stated that plaintiff in error's neglect to testify should not raise any presumption against him it stated the law correctly and should have been given. The question then arises whether the error requires a reversal of the judgment.

Courts no longer adhere to the technical rule that a judgment must be reversed where the record shows that error was committed on the trial. It is, we believe, universally agreed by courts now that only error prejudicial to the complaining party requires a reversal of the judgment. Courts are not agreed, however, that if there is error apparent upon the face of the record it must be presumed to have been prejudicial unless the whole record affirmatively discloses the contrary. That appears to be the prevailing view in most jurisdictions, but there are a considerable number of respectable courts which hold that the record must not only show error but that it must also show that the com-

plaining party was prejudiced thereby. (3 Cyc. 386, 387; 2 R. C. L. 230-236.) This court has held in numerous decisions that error in the admission of evidence or in the giving and refusing of instructions will afford no ground for reversal in a criminal case where the guilt of the accused was so clearly and conclusively established by competent evidence that the jury could not reasonably have arrived at any other verdict than one of guilty. (*Wilson* v. *People,* 94 Ill. 299; *Dunn* v. *People,* 109 id. 635; *Ritzman* v. *People,* 110 id. 362; *Ochs* v. *People,* 124 id. 399; *Jennings* v. *People,* 189 id. 320; *Dubois* v. *People,* 200 id. 157; *Barber* v. *People,* 203 id. 543; *Bleich* v. *People,* 227 id. 80; *People* v. *Casey,* 231 id. 261; *People* v. *Weston,* 236 id. 104; *People* v. *Nall,* 242 id. 284; *People* v. *Cleminson,* 250 id. 135.) Where it can be seen from the record that an error complained of could not reasonably have affected the result of the trial it has been said to be harmless and not ground for reversal.

The precise situation here presented has not, so far as we have been able to discover, been passed upon by any reviewing court. In *Farrell* v. *People,* 133 Ill. 244, two defendants were jointly indicted, tried and convicted of the crime of robbery. One of them testified on the trial in his own behalf and the other did not. The one who did not testify asked an instruction to the effect that no presumption of guilt should be indulged against him because he had not testified, but the instruction was refused. This court held the instruction should have been given; that giving it became doubly important to plaintiff in error because the court gave an instruction for the prosecution as to the weight to be given to the testimony of his co-defendant, thereby directing the jury's attention to the statute making defendants in criminal cases competent to testify in their own behalf. No reference is made in the opinion to the character of the testimony.

In *Kirby* v. *People,* 123 Ill. 436, this court held that a judgment would not be affirmed where error has intervened unless it appeared from the whole record that such error could not reasonably have affected the result; that where there is error it is presumed to have improperly affected the result, but that presumption is rebutted where from the whole record it is manifest that no improper result was caused by the error.

In *State* v. *Carlisle,* 28 S. D. 169, (Ann. Cas. 1914B, 395,) the trial court instructed the jury, on its own motion, that the failure of the defendant to testify should raise no presumption against him. The defendant did not testify on the trial and excepted to that part of the instruction and assigned the giving of it as error on the ground that the statute prohibited the attorney for the State from referring to the fact that the defendant had not testified, and it was claimed to be erroneous for the court to refer to it in the instruction. The reviewing court did not sustain that contention. In the course of the discussion in the opinion the court mentioned Illinois as one of three States holding it to be reversible error to refuse to give such an instruction when requested by a defendant.

In *Austin* v. *People,* 102 Ill. 261, the defendant did not testify. The State's attorney, both in his opening and closing argument to the jury, commented on his failure to testify. This court said the statute prohibiting comment upon the failure of a defendant to testify could not well be enforced unless a rule was adopted that such forbidden and improper comment by counsel be regarded as *good ground* for a new trial "in all cases where the proofs of guilt are not so clear and conclusive that the court can say affirmatively the accused could not have been harmed from that cause. In this case the proofs, all considered, are not of such convincing character." The judgment was reversed, but the inference is plain that it would not have been reversed, notwithstanding the violation of the statute by

counsel ·for the prosecution, if the evidence had been clear and conclusive.

In *People* v. *Halpin,* 276 Ill. 363, we held there was error committed on the trial in the court's rulings on the admission of evidence and in instructing the jury, but also held that the judgment should not be reversed if the jury, acting reasonably, could have reached no other conclusion than that of guilt, and the judgment was affirmed.

It has been held that where the error assigned questions the sufficiency of the evidence to support the verdict and judgment all the evidence must be preserved in the bill of exceptions or it will be presumed that it was sufficient. Where the question is the admission of a specific item of evidence, and the record states that such evidence, with that offered, tended to prove the issue, it is not necessary that all the evidence be preserved in order to raise the question of the admission of the particular item of evidence. So where the record states the evidence tended to prove the issue but was conflicting, the propriety of giving and refusing instructions may be fairly presented without setting out the evidence in full. There is now a substantial agreement of the authorities that an error, to warrant a reversal, must have been prejudicial to the complaining party, and while the authorities are by no means in accord, the weight of authority is that prejudice will be presumed unless the record shows the contrary. In Wisconsin, and in some other States, statutes have been enacted requiring that courts disregard any error or defect in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and that no judgment shall be reversed or affected by reason of such error. In *Oborn* v. *State of Wisconsin,* 143 Wis. 249, (31 L. R. A. [N. S.] 966,) the court said the general trend of its decisions had been in that direction before the enactment of the statute, but that expressions could be found in some decisions from which it would be inferred that prejudice would be presumed from

the mere occurrence of error. The court said: "There is no longer, if there ever was, any reason for holding that a judgment should be reversed for mere errors, however numerous and inexcusable, or errors in the absence of its reasonably appearing as an inference of fact that the party seeking reversal was prejudiced thereby, in that, had the error not occurred, the result as to him might, within reasonable probabilities, have been more favorable. That must be the true test of prejudicial error, displacing, if necessary, the idea that prejudice is to be presumed from the mere occurrence of error and giving controlling dignity to the idea that prejudicial error is presumed against, this presumption to prevail till overcome, to the extent above indicated, by preponderating inferences of fact."

The court instructed the jury on behalf of both the prosecution and defense, and there is no conflict in the instructions given. If the judgment is reversed it must be done on the bare presumption that plaintiff in error was prejudiced by the refusal of the instruction and that had it been given a different verdict might reasonably have been reached, and that the failure to give it might reasonably have contributed to plaintiff in error being found guilty. Because plaintiff in error has chosen to bring up a record sufficient only to show the existence of the error complained of, and failed to show that there was any conflict in the testimony, or that the jury might, as reasonable men, have reached a different conclusion had the instruction been given, is a reviewing court bound to give effect to the presumption of prejudice from the existence of the error and reverse the judgment? We think in a case like this it is not too great a burden to require plaintiff in error to preserve the evidence or that the record be required to show that the testimony was conflicting, and in the absence of either we are not disposed to give effect to the presumption that the error was prejudicial ,and reverse the judgment.

The judgment is affirmed.          *Judgment affirmed.*