## People of the City of Olney, Appellants, v. City of Olney, Defendant.

Heard in this court at the February term, 1944. Opinion filed February 28, 1944.

A. J. McMAHAN, of Olney, for appellants.

A. E. BUTTERFIELD, of Olney, and STEVENS & HERNDON, of Springfield, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Richland county, finding in favor of the City of Olney, respondent defendant (hereinafter designated as respondent) and against the People of the City of Ol-

ney, petitioners appellants (hereinafter designated as petitioners) and growing out of a petition protesting against the passage by the City of Olney and going into effect of Ordinance No. C-28 and requesting a referendum thereon and objections to said petition.

It appears that on January 5, 1943, the city council of the City of Olney, Illinois, operating under the commission form of Municipal Government, passed an ordinance granting to Central Illinois Public Service Company a franchise to use the streets, alleys and public places in the conduct of an electric public utility.

A petition was filed with the city clerk, on February 4th, following, pursuant to the provisions of section 19—53 of chapter 24, Ill. Rev. Stat. 1943, page 385 [Jones Ill. Stats. Ann. 21.1495], protesting against the ordinance. On February 9th, thereafter, objections to the petition were filed with the city clerk and on the day following both petition and objections were filed by him with the circuit clerk of Richland county and on that day presented by the circuit clerk to the circuit judge, who thereupon on that date noted on the petition and objections the date presented; noted thereon the date when he would hear them, fixing February 17th, for such hearing, at the courthouse in Olney and ordered five days' notice thereof to be given by publication in the Olney Daily Mail, a daily secular newspaper published in the City of Olney.

Thereafter hearings were held, at which considerable evidence was introduced relevant to the questions of genuineness of signatures of signers of the petition and their qualifications as electors, and on March 8, 1943, the court entered its decree reciting that the petitioners and objectors were represented by counsel; finding that the court had jurisdiction of the subject matter and of the parties; and finding that the petition did not comply with the statutes relating to form and sufficiency and that said petition was wholly insufficient and decreeing it void and of no force and effect,

from which decree the petitioners prosecute their appeal to this court.

The principal errors assigned and relied upon for reversal by petitioners are, that the court erred in entering an order sustaining the objections to said petition for the reason that the court was without jurisdiction of the cause of action; that the court erred in entering an order sustaining the objections to said petition for the reason that the court did not have jurisdiction of the necessary parties; and that the court erred in holding that the petition filed by petitioners was void, of no force nor effect, and not sufficient to comply with the statutes of the State of Illinois relating to the form and sufficiency of such petitions.

It is contended by petitioners that the record before the court on the dates of the hearing on February 17 and February 26, and up to and including the date on which the final order was entered, March 8, is barren of any evidence that the requirements of the statute or the requirements of the order of court were complied with as to the publication of notice, and that it necessarily follows, that the court not only failed to have jurisdiction of the cause but of the parties, as well.

Section 19—59, ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.1501], with reference to jurisdiction provides as follows: "Jurisdiction is vested in the County Court or in the judge thereof in vacation, or in the Circuit Court, or in a judge or judges thereof in vacation, to determine without a jury the sufficiency of the petition." The section then next provides, "The Judge (1) shall note thereon the day presented, and (2) shall also note thereon the day when he will hear them, which day shall not be less than five nor more than ten days after the day of presentation, and (3) shall order five days' notice thereof to be given by publication in some daily secular newspaper published in the municipality, or, if there is none, then by posting notices in

five of the most public places in the municipality, including a notice at the municipal hall, if there is one." By this provision, the legislature has prescribed that jurisdiction, unmodified, unlimited and unconditioned, is vested in the judge, and then requires of him the three specific, enumerated acts and thereafter proceeds at once to tell him to render judgment.

There appears in this statute, no requirement that the fact of publication be affirmatively shown. Obviously the legislature took it for granted that after ordering publication the judge would require that his order be carried out before rendering judgment. In the case of *Hannas v. Hannas*, 110 Ill. 53, service was had upon a nonresident by publication and mailing notice. The statute provided that before publication could be had a summons must have been issued and returned, "not found." The record in the case was silent as to whether any summons had ever been issued and return made. The court however, held that the issuance of the summons would be presumed under the rule supporting judgments of courts of general jurisdiction. The court said, "We do not think the mere fact that no summons is found in the record can be regarded as sufficient to overcome the presumption that the clerk did his duty and issued one, the positive recitals in the notice published by him and the inference to be drawn from the recitals in the decree that due notice of the pendency of the suit was given." The only purpose of publication can be to give notice to interested parties, so that they may attend or not as they see fit. The record shows that all of the parties in the petition appeared in the circuit court in this proceeding and participated in the trial without objection. Appearance before a court of competent jurisdiction and submission to it of a controversy for adjudication, give it full power to try the case and render judgment, without regard to the original process by which the case is brought into court. *Grier v. Cable*, 159 Ill. 29; *Pocahontas Min. Co. v. Industrial Commission*, 301 Ill. 462;

*Gibson v. Glos,* 271 Ill. 368; *McDonnell v. Glos,* 266 Ill. 504; *O'Laughlin v. Covell,* 222 Ill. 162. In our opinion there can be no question but what the trial court had jurisdiction of the subject matter and of the parties.

It is further contended on behalf of petitioners that initiative and referendum laws should be liberally construed; that the directions of the statute with reference to the form of the petition are directory rather than mandatory, and that a substantial compliance with the requirements of the statute are sufficient, and that therefore the court should have held the petition to be sufficient.

The statutory provisions prescribing what the petition must contain to be valid are all set forth in section 19—58, ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.1500] which contains five subdivisions, lettered (a), (b), (c), (d) and (e).

Subdivision (b) of the section sets forth a form for the petition, consisting of the prayer, the signatures and accompanying data, and the affidavit.

Subdivision (c) provides that "The petition shall consist of sheets having the form prescribed in Subdivision (b) of this Section, except the affidavit, printed or written at the top thereof . . ."

Subdivision (c) also provides, in the second paragraph of that subdivision, that "At the bottom of each sheet shall be added the affidavit in the form specified in Subdivision (b) of this Section, . . . ."

Subdivision (c) also provides, in the first paragraph, that "No signature shall be valid unless the requirements in this Subdivision are complied with."

Subdivision (d) of the section provides that "The sheets shall be fastened together at the upper pages in one document and filed as a whole. When filed, the petition shall not be withdrawn or added to or altered in any manner by any person."

The record discloses that of the necessary 320 signatures, 293 are on sheets containing no heading protesting against the ordinance and asking for an election;

317 of the necessary 320 appear on sheets containing no verifying affidavit; none of the entire 367 signatures appear on sheets containing both a statement protesting against the franchise and requesting a vote and a verifying affidavit and the sheets of the petition were not fastened together in one document and filed as a whole.

The law seems to be well settled in this State, the right to contest an election being purely statutory, that the procedure prescribed by statute must be strictly followed. *Thompson v. Vaughan,* 192 Mich. 512, 159 N. W. 65, 66, 70; *People v. DeBoice,* 377 Ill. 634, 639; *Armstrong v. Wilkinson,* 346 Ill. 322, 324; *Girhard v. Yost,* 344 Ill. 483, 484; *Bowen v. Russell,* 272 Ill. 313, 318.

On this record we cannot say that the trial court erred in finding the petition insufficient in law.

The Appellate Court will not reverse the judgment of a lower court when it can determine from the record, that the judgment is the only one which could properly be rendered. *Heckle v. Grewe,* 125 Ill. 58, 62; *West Chicago St. Ry. Co. v. Maday,* 188 Ill. 308, 310; *Farmer v. Davis,* 289 Ill. 392, 399; *Pfeiffer v. McCullough,* 115 Ill. App. 251, 255. The motion to strike parts of the record is denied.

We find no reversible error in the record and the judgment of the circuit court of Richland county will be affirmed.

*Affirmed.*