Board of Education of School District 85½, River Grove, Illinois et al., Appellants, v. Idle Motors, Inc. et al., Appellees.

Gen. No. 44,856.

Opinion filed January 23, 1950. Released for publication February 3, 1950.

BARTOLINE & JONES, of Chicago, for appellants.

ALLEN, DARLINGTON & ELLIOTT, of Chicago, for certain appellee.

BERNARD J. McDONNELL, of Chicago, for certain other appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiffs, the Board of Education of School District 85½, River Grove, Illinois, certain citizens and residents of River Grove, each of whom is a parent of one or more of the minor plaintiff pupils of the elementary public school of the board of education, and minor pupils of the school, seek by count one of their amended

complaint, hereafter called the complaint, to restrain the defendant Idle Motors, Inc., hereafter called Idle Motors or defendant, from erecting or constructing a building, or operating directly or indirectly a public garage for the storage and repair of automobiles therein in River Grove, and by count two, the writ of mandamus compelling defendants, the president, board of trustees, village clerk and building commissioner of River Grove, hereafter referred to as village officials, "to enforce the Zoning Ordinance and Building Ordinance of the Village of River Grove, and more particularly, to stop any further construction of said proposed building by defendant Idle Motors, Inc., and to revoke and declare null and void the purported building permit issued by the Village Clerk on October 7, 1948." From separate orders, entered on motions of Idle Motors and the village officials, in effect dismissing the complaint as to the respective defendants, plaintiffs appeal.

The first count sets out certain provisions of the zoning and building ordinances of River Grove and alleges that the building is being constructed in violation of the zoning ordinances in that no side yard has been provided and that the proposed building and accessory buildings will occupy in excess of 85 per cent of the area of the lot; that the permit was issued in violation of the provisions of the zoning and building ordinances as to the application and granting of permits; that the proposed public garage, "if the same is completed and placed into operation," will be dangerous to the lives and health of pupils attending the public school and will interfere with the normal and necessary operation of the school and with the normal activities of the pupils by reason of the noises and fumes emanating from the buildings, the increased fire hazard due to the gasoline and other dangerous combustibles stored and used in the building, the increased automobile traffic in

362

front of and in the general neighborhood of the school, and the shutting out of the light and air from the school and its classrooms. The second count incorporates these allegations and alleges the failure and refusal of the village officials to comply with the zoning and building ordinances, the duty of the village officials or some of them to enforce the ordinances, revoke the building permit and stop construction of the building.

 Separate answers were filed by Idle Motors and the village officials. In their answer the village officials "state the fact to be that they are without power or authority to revoke said building permit and that the court is without jurisdiction to compel said officials to revoke said building permit." Treating this as a plea to the jurisdiction, they obtained an immediate hearing (Civil Practice Act, sec. 43, subpar. (3) [Ill. Rev. Stat. 1947, ch. 110, par. 167, subpar. (3); Jones Ill. Stats. Ann. 104.043, subpar. (3)]) and their dismissal from the proceedings for want of "jurisdiction of the court to grant relief requested by plaintiffs." In the answer and order the word "jurisdiction" is used loosely and incorrectly in a sense in which it is made to depend upon the correctness of the decision rendered. By the Constitution of 1870 (art. 6, sec. 12) the circuit court is given original jurisdiction of all causes in law and equity. It has jurisdiction of mandamus actions. The filing of the complaint and issuance of the summons gives it jurisdiction in this particular case to adjudicate the claims of the parties as to the issuance of the writ. According to the theory of the village officials, and as we shall hereafter hold, plaintiffs are not entitled to the writ prayed for. Inability to properly grant the relief prayed, or error in granting it, does not oust the court of jurisdiction. *Knaus v. Chicago Title & Trust Co.*, 365 Ill. 588. The court said (p. 592):

"Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which

the proceedings in question belong. Such jurisdiction is conferred by the constitution or by legislative enactment and does not depend upon the sufficiency of the bill of complaint in a particular case, the validity of the demand set forth therein, the regularity of the proceedings or the correctness of the decision rendered.''

The question presented by the plea was the propriety of granting the relief prayed for. Jurisdiction was not involved. The case stood for hearing on the complaint and answer. The court erred in setting the motion for hearing on a question of jurisdiction and dismissing the complaint as to the village officials for want of jurisdiction, as stated in the order.

It does not follow that the order should be reversed. In *Heckle v. Grewe,* 125 Ill. 58, 63, the court said:

''Courts of review reverse only for such errors as may have been prejudicial to the complaining party, and certainly no error or number of errors can, with any propriety, be said to prejudice a party, when it is clear, as it is here, that the judgment upon the conceded facts is the only one that could properly be rendered, and that another trial would therefore necessarily result the same way.''

Or as said in *People v. City of Olney,* 322 Ill. App. 43, 48:

''The Appellate Court will not reverse the judgment of a lower court when it can determine from the record that the judgment is the only one which could properly be rendered.''

*People v. Michael,* 280 Ill. 11; *Standard Oil Co. v. Burkhartsmeier Co–op. Co.,* 333 Ill. App. 338, 355; 3 Am. Jur., Appeal and Error, secs. 1003, 1007. Examination of the complaint shows that plaintiffs are not entitled to any relief against the village officials. Manda-

mus will not lie where to issue the writ will put into the hands of the court the control and regulation of the general course of official conduct, as in the general enforcement of a statute or ordinance. *People ex rel. Bartlett v. Dunne,* 219 Ill. 346; *Retail Liquor Dealers Protective Ass'n v. Schreiber,* 382 Ill. 454. Independent of any power the village officials might have to revoke the permit, mandamus does not lie "to set aside and so undo what has already been done, even though it ought not to have been done." *People ex rel. Witherell v. City of Chicago,* 131 Ill. App. 266, 274; *People ex rel. Olson v. Sweitzer,* 185 Ill. App. 282. Refusing to direct revocation of the permit, the court will not attempt to accomplish indirectly the same result by directing the village officials to stop the construction of the building. If we should remand the case and leave should be obtained to move to strike the complaint, or a trial be had on the merits, the case must end with dismissal of the complaint as to the village officials. We affirm the order appealed from.

In dismissing the complaint as to the Idle Motors the court also departed from established practice. Apparently encouraged by the success of the village officials, defendant immediately moved for and obtained the setting for hearing and disposition by the court "of the legal and jurisdictional matters presented by the pleadings now on file and plaintiffs' reply to be filed to the defendant's answer." This hearing was had the day following the filing of the reply. As recited in the order, the court heard the statements and arguments of counsel, inspected the pleadings (complaint, answer and reply), and the pertinent sections of the zoning and building ordinances of River Grove, and it having been admitted in the pleadings and in open court that defendant had partially constructed a building under a permit issued by the proper official of the village and that the building is located in the "B" commercial dis-

trict of the village in which public garages are permitted, the court found as a matter of law ''That the building now under construction . . . is not a public or private nuisance *per se* and that the test of whether said building may or may not become a public or private nuisance will depend upon its future use. That the question of nuisance now presented is speculative and expected and is wholly insufficient to warrant a court of equity to intervene by way of injunction to abate a nuisance, which may or may not exist in the future.'' The order concluded with a dismissal of the complaint.

 The answer of defendant denied many of the allegations of the complaint and set up additional facts and exhibits intended to show that the construction of the building and its use, as then contemplated, would lessen, if not entirely eliminate, plaintiffs' objections to the building and its operation as a nuisance. Plaintiffs replied, denying some of the allegations of the answer, admitting some, and stating inability to admit or deny others. Issues of fact were clearly joined. The order entered shows that the court based his decision on matters extraneous to the complaint. It recites the particular matters considered and thereby excludes any presumption that other matters were or might have been considered. We must conclude that no evidence was heard and no admissions, other than the one stated in the order, were made outside of the pleadings before us. The zoning and building ordinances, being general ordinances, are matters of judicial notice in this court as well as in the trial court. (Ill. Rev. Stat. 1947, ch. 51, pars. 48a, 48b [Jones Ill. Stats. Ann. 107.122, 107.123].) The court decided no jurisdictional questions and none were involved. Neither the present nor prior practice acts provided for the determination by the court of ''legal . . . matters presented by the pleadings,'' except on motion to strike

(Civil Practice Act, sec. 45 [Ill. Rev. Stat. 1947, ch. 110, par. 169; Jones Ill. Stats. Ann. 104.045]) or by demurrer under former acts. This case was at issue on complaint, answer and reply and plaintiffs were entitled to a hearing upon the issues joined. Recognized practice required that leave be obtained to withdraw the answer and to file a motion to strike if defendant wished to attack the sufficiency of the complaint. On this attack well-pleaded facts in the complaint must be accepted as true and the inquiry limited to averments of the complaint. The only relief asked was an injunction. In a suit limited to like relief the trial court, after issues on material facts had been joined by bill, answer and replication, denied a motion for temporary injunction without hearing evidence, and dismissed the bill. The third division of this court reversed the decree, and remanded the cause for hearing upon the issues joined. *Cocot v. Board of Commissioners Cook Co.*, 273 Ill. App. 75. This court must do likewise unless independent of the issues of fact the complaint should have been dismissed.

Plaintiffs ask that defendant be permanently enjoined from erecting or constructing the building or operating directly or indirectly a public garage for the storage and repair of automobiles therein. Prior to the entry of the order appealed from plaintiffs withdrew their motion for a temporary injunction. In the absence of unusual circumstances the building should be completed by this time. Defendant's counsel, going outside the record, advise us in their brief, filed approximately five months ago, that as the brief was being written "the building is completed and receiving its interior trim and furnishings." Plaintiffs have not filed a reply brief and defendant's statement is not contested. We conclude that the building has been completed.

 There is left for our consideration plaintiffs' right to enjoin defendant from operating a public

garage. It is conceded that the building is in a commercial district in which public garages may be operated. Plaintiffs say they do not contend that a public garage is a nuisance *per se*. The law governing the intervention of equity to abate a nuisance by injunction is well established by decisions of our courts far more recent than any cited by counsel. It is stated in *Phelps v. Winch,* 309 Ill. 158, 162, as follows:

"If the right to relief be doubtful either as to the law or the character of the facts proved, equitable relief should be denied. It has been decided that where the evidence is conflicting and the injury doubtful, equity will not interfere until the question of the nuisance has been settled by a suit at law. (*City of Pana v. Central Washed Coal Co.,* 260 Ill. 111.) It has also been many times decided that where a business is offensive to such a degree as to materially interfere with ordinary physical comforts, measured not by the standard of persons of delicate sensibilities and fastidious tastes and habits but by the habits and feelings of ordinary people, and the damages are of a nature which cannot be adequately compensated for in a suit at law, equity will grant an injunction. (*Oehler v. Levy,* 234 Ill. 595, and authorities cited.)"

This case was cited in *Off v. Exposition Coaster, Inc.,* 336 Ill. 100, 104, the court saying:

"It is well settled that a business which is not a nuisance *per se* may be enjoined by a court of equity, if the case is free from substantial doubt, without first establishing in an action at law that the business is a nuisance. If the right to relief is doubtful either as to the law or the character of the facts proved, equitable relief will not be granted."

In *Klumpp v. Rhoads,* 362 Ill. 412, 416, after stating when equity will afford relief by injunction, the court

said, ''On the other hand, lawful and useful business may not be stopped on account of trifling or imaginary annoyances which do not constitute real injury.'' In *City of Kankakee v. New York Cent. R. Co.,* 387 Ill. 109, 117, the court said, ''It is only in extreme cases, unless the rights of the parties as to the fact of the nuisance have been settled in an action at common law, that a court of equity will take jurisdiction to abate a nuisance by injunction.'' The facts alleged in the complaint do not state an extreme case. No judgment at law has been obtained and none could be before the garage was operating. In no event should an injunction be granted enjoining the operation of a business not a nuisance *per se* before the commencement of the business. The test of whether the operation of the business is a nuisance depends upon how the business is actually conducted. No cause of action existed when the complaint was filed and no act or event happening thereafter could vest plaintiffs with a right of action as of the date of commencing their suit. *Dillon v. Elmore,* 361 Ill. 356.

As plaintiffs' suit must ultimately end in a dismissal, we ignore the error in practice in hearing the case on the legal matters presented by the pleadings, and affirm the order dismissing the complaint.

The orders appealed from are affirmed.

*Orders affirmed.*

Tuohy, P. J., and Feinberg, J., specially concur: We agree with the result reached in the foregoing opinion but not with all therein stated.

In our opinion the trial court did not depart from the established practice in dismissing the complaint as to Idle Motors, Inc. It appears from the decree that the cause came on for hearing and disposition ''of the various legal and jurisdictional questions presented by the pleadings . . . including plaintiffs' Amended Complaint, defendant's Defense to said Amended Com-

plaint and plaintiffs' Reply; and the 'statements' and arguments of respective counsel . . . and the pertinent section of the Zoning and Building Ordinances of the Village of River Grove, Illinois; and it having been admitted in said pleadings and in open court that the defendant Idle Motors, Inc., a corporation, has partially constructed a building under a permit issued to said defendant by the appropriate Officers of the Village . . . and that said building is located in the 'B' Commercial District in said Village, wherein . . . it is permitted to build public garages . . . ."

A legal question was accordingly presented by the matters before the court as to whether or not the building thus partially constructed constituted a nuisance.

No contention was made that a public garage is a nuisance *per se,* so that the question was narrowed to a consideration of whether or not the manner in which the building was to be used constituted a nuisance requiring the intervention of the injunctive processes of a court of equity. The trial court held that the building not having been completed, the question of nuisance was speculative and wholly insufficient to warrant a court of equity to intervene by way of injunction to abate a nuisance which might or might not exist in the future. With that conclusion we are in agreement, and in dismissing the complaint upon those legal grounds we find no violation of the accepted practice. Nor do we find that the trial court based his decision on matters extraneous to the pleadings. There is no report of proceedings in the record before us, and we cannot say what the particular statements or admissions were, made by counsel in open court, referred to in the decree. Every intendment is in favor of the decree, and under the Practice Act it was incumbent upon the plaintiffs, with respect to the recitals in the decree as to statements and admissions made, to have a report of proceedings to show what actually occurred upon the

hearing. It does not appear from the record that plaintiffs made any objection to the procedure before the chancellor in hearing the matter as he did. If such objection was made, it should be preserved by such report of proceedings. In view of the state of the record before us, we deem the criticism directed against the chancellor unwarranted.